STATE v. PETER CAMERON.

*Practice—Appeal—Criminal Cases—Statement of Case on Appeal—Solicitor for the State—Counsel for Prosecution.*

1. Appeals in criminal cases are regulated by the same rules as govern those in civil cases and must be begun and perfected according to the requirements of law on that subject.

2. The statement of case on appeal in a criminal case must be submitted to the State's Solicitor for the District where the case is tried for acceptance or objection.

3. Counsel for a private prosecutor, who aids the Solicitor in the trial of a criminal case, has no authority to accept a statement of case on appeal.

4. Where the State's Solicitor is not present at the trial of a criminal prosecution, the case on appeal may be served on the attorney who represents him officially, with the sanction and approval of the Court, and, in such case, the appointment of such representative must be made a matter of record and appear in the transcript of the record on appeal.

INDICTMENT tried before *McIver, J.,* and a jury at Fall Term, 1896, of CHATHAM Superior Court. The defendant was convicted, and appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Messrs. Murchison & Calvert,* for defendant (appellant).

MONTGOMERY, J.: Appeals are allowed from the Superior Courts to the Supreme Court in all cases where final judgment is pronounced, but they must be begun and perfected according to the requirements of the law on that subject. The law which regulates the matter of appeals is the same

STATE *v.* CAMERON.

in both civil and criminal cases. As a first step, the appellant, within the time allowed must make out a statement of the case on appeal, and tender the same to the respondent. In criminal appeals, the respondent is the State represented by the Solicitor of the District in which the case is tried. In the matter before us we find upon examination of the statement of the case on appeal that it was neither submitted to the Solicitor and accepted by him, nor made out by the Judge as upon objection made by the Solicitor to the case of the appellant. The case was prepared by the attorney of the appellant and accepted by the attorney who appeared on the trial for the prosecutrix, and who subscribed himself as the representative of the Solicitor. After a thorough consideration we are of the opinion that the attorney who undertook for the State to accept the case of the appellant had no authority, that we can see, to do so. The Solicitor represents the State in criminal prosecutions and the statement of cases on appeal in such cases should be submitted to him for acceptance or objection. If that officer should not be present during the trial, then the case on appeal should be submitted to the attorney who represents the Solicitor and who is prosecuting for the State with the sanction and approval of the Court, and the appointment by the Solicitor of his representative must be made a matter of record, and appear in the transcript to this Court that we may see and know that in a matter of such importance the State is represented by the Solicitor or by an attorney who has been appointed by him, and authorized by the Court to perform the duties of the Solicitor. An attorney who simply appears for a private prosecutor only aids the State in the trial, but does not represent the State in the sense of one of its sworn officers.

This matter is remanded to the Court below with instructions to the Clerk thereof to notify, at once, the appellant

and his attorney of the opinion of this Court to the end that he may, if he so desires, tender a statement of the case on appeal to the Solicitor of the 5th Judicial District. The tender of the case to be made to the Solicitor within thirty days after notification to the defendant and his counsel.

Remanded.