There was a verdict of guilty, and appeal by defendants.
The case on appeal, signed by the Solicitor and counsel of defendants, is prefixed to the opinion.
Statement of Case on Appeal.
This was a criminal action, tried before Coble, J., and a jury in FORSYTH Superior Court. The defendants were indicted for removing an outhouse, under the Landlord and Tenant Act, Code, from land bought by the prosecutor at commissioners' sale in 189 —, (661) when and where the commissioners had excepted the house at the sale, it being the property of G. W. Chaffin. There was no evidence of any tenancy existing between the prosecutor and defendant. The prosecutor testified that defendant asked to rent the land on which the house stood but he refused to rent to defendant; the defendant had leased the land 14 years prior from the owner of the land, with the permission to remove at will of defendant.
The defendant asked his Honor to charge the jury:
1. That there was no evidence of any tenancy.
Refused. Excepted.
2. That if the defendant was a tenant of prosecutor, and having built the house with leave to remove, he had a right to remove it, and would not be guilty under the act.
Refused. Excepted.
His Honor charged the jury that if the jury believed that if Chaffin was a tenant of prosecutor and during the tenancy or after its expiration he unlawfully demolished or destroyed the said building or the codefendant Farrow aided or abetted in so doing then the jury will find them guilty. (Excepted.) *Page 468 
There was a verdict of guilty, motion for a new trial, motion overruled, defendant assigns as errors:
1. His Honor refused to give the charge asked for.
Judge's Charge.
The charge given. The defendants were charged with willfully demolishing a certain outhouse used as a "bar-room" the property of A. E. Holton, while the said defendants were the tenants of said Holton.
If the State has shown beyond a reasonable doubt that the defendants were tenants of said prosecuting witness, Holton, and that during their tenancy or after its expiration they willfully and unlawfully (662) demolished and destroyed a certain outhouse used as a "bar-room" on the land rented by the said defendants from the said Holton, the jury will find defendants guilty.
If the State has proven beyond a reasonable doubt that defendant Chaffin was a tenant of the said prosecuting witness, Holton, that is, the defendant Chaffin had rented from prosecuting witness, Holton, the land or where the house in question stood, and during his tenancy or after its expiration the defendant Chaffin willfully and unlawfully demolished and destroyed a certain outhouse used as a "bar-room" on the land rented by the said Chaffin from the said Holton, and that defendant Farrow was there present and aided and abetted in such willful and unlawful act, then jury will find the defendants guilty.
The defendants contend that they were not tenants of the said Holton. The defendant Farrow contends that he was not, and the defendant Chaffin contends that he was not prosecuting witness, Holton's, tenant. If neither of the defendants had rented the land on which the house in question stood from the said Holton, then the defendants would not be guilty.
The word willful used in a State [statute] creating a criminal offense means something more than the intention to do a thing. It implies the doing the act purposely and deliberately, indicating a purpose to do it without authority, careless whether he has the right or not in violation of law, and it is this which makes the criminal intent, without which one can not be brought within the meaning of a criminal statute.
The defendant Chaffin contends that he did not pull down the house willfully and unlawfully. He contends that he built the house there, made an agreement with the then owner of the land that he would have the right to remove the house at his pleasure, and that he bona fide believed the house to be his, and pulled it down under (663) such belief, and he contended that he is not guilty, and defendant *Page 469 
Farrow, also, for the same reasons, contends that he is not guilty. If the defendant did not willfully demolish and pull down the house they would not be guilty.
If the defendant Chaffin bona fide believed that the house was his, and that he had the right to pull it down and remove it, and has shown such facts upon which the defendant Chaffin could reasonably and bona fide believe that he had such right, and pulled the house down under such belief, then the defendant would not be guilty. The jury may find both defendants guilty, or both not guilty, or one guilty and other not guilty, accordingly, as the evidence in the case warrants jury in finding.
The jury will consider all the evidence, and if jury are not beyond a reasonable doubt that the defendant Chaffin was the tenant of prosecuting witness, Holton, that is, that defendant Chaffin had rented the land on which the house in question stood from prosecuting witness, Holton, and that during his term, or after the expiration, willfully and unlawfully demolished and destroyed a certain outhouse used as a "bar-room," and that defendant Farrow was there aiding and abetting in said willful and unlawful act, then jury will find defendants guilty.
The State contends that both defendants are guilty, the State contends that defendant Chaffin was tenant of prosecuting witness, Holton. That defendant went in the night time and pulled the house down, and did it willfully and unlawfully, that defendant Farrow was there present aiding and abetting in the act, and they are both guilty.
If, after considering all the evidence, the jury have any reasonable doubt of the guilt of defendants, jury will acquit defendants.
Bill of Indictment. (664)
STATE OF NORTH CAROLINA, } Superior Court — 
FORSYTH COUNTY } November Term, 1897.
The jurors for the State, upon their oath, present: That George Chaffin and S. B. Farrow, late of the county of Forsyth, on or about the 20th day of July, 1897, being then and there tenants of one A. E. Holton, and in possession of a certain tract of land belonging to, and the property of, the said A. E. Holton, situated in said county, and after expiration of said tenancy, and while they were so in possession as such tenants did unlawfully and willfully demolish, pull down and destroy and injure and damage a certain house situated on said premises, and did remove the same therefrom, against the will of the *Page 470 
said A. E. Holton, to his great damage and injury, contrary to the form and statute, and against the peace and dignity of the State.
MOTT, Solicitor.
Service of this cause was made in specified and apt time by defendants' counsel on me, but the papers were lost by me, and by agreement this paper is substituted, and shall from the case on appeal, to be heard at the next term of the Supreme Court.
 M. L. MOTT, Solicitor.
 J. S. GROGAN, Attorney for Defendants.
The case on appeal was agreed upon by the solicitor and the counsel for the defendant. Such being the case, there is no (665) ground for action by the judge, State v. Cameron, 121 N.C. 572, The Code, sec. 1234; nor for a certiorari to correct the case by the judge's notes of the evidence on file; nor to permit the judge to correct the case. If, in the interest of justice, this can be allowed in any case (which is possible) it would be an exceptional one, and upon specific allegations which have not been made in the present instance. It was the solicitor himself who assented to the settlement of this case, and not the assistant counsel for the prosecution, which last it was held, inState v. Cameron, supra, was not authorized to agree upon the settlement of a case on appeal.
Taking, as we must, therefore, the agreed case upon appeal as a correct statement of what transpired on the trial, it appears that this was an indictment of a tenant for removing an outhouse after the expiration of the tenancy; it is agreed in the case that there was no evidence of tenancy, and that the judge refused so to charge, though requested. There must be a
New trial. *Page 471 
(666)