STATE v. CLENNY.

(Filed October 6, 1903.)

CASE ON APPEAL—*Appeal*—*Solicitor*.

> In a criminal case an appellant must tender to the solicitor of the district where the case is tried a statement of the case on appeal for acceptance or rejection, and the acceptance of service of such statement by an attorney appearing for the private prosecutor is insufficient.

INDICTMENT against John Clenny, heard by Judge *R. B. Peebles* and a jury, at Spring Term, 1903, SAMPSON County Superior Court. From a verdict of guilty and judgment thereon the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*F. R. Cooper* and *J. D. Kerr,* for the defendant.

MONTGOMERY, J. The statement of the case on appeal is signed by the attorneys for the appellant defendants, and below their signatures there is an entry in these words: "The State failed to file any exception or counter-case." It does not appear in the record that the case was ever tendered to the solicitor of the district, and in *State v. Cameron,* 121 N. C., 572, it was held that in appeals in criminal actions the statement of the case by the defendants should be submitted to that officer for acceptance or objection. On the call of the case in this Court the attorney of the appellants was permitted to file a paper-writing, signed by the Clerk of the Superior Court of Sampson County, in which that officer certified that he had, through inadvertence, failed to send up as a part of the case an entry on the back of the case in these words: "Service accepted and copy waived, March 18, 1903. Faison & Grady." There was also filed in this Court a statement,

signed by Faison & Grady, "per Henry A. Grady," to the effect that they appeared with the solicitor for the State; that on the appeal time was agreed upon to make out the case on appeal and to make out a counter-case; that within the time agreed upon the defendants filed in the clerk's office their statement of case on appeal, and that Faison & Grady accepted service thereof and waived copy; that no counter-case was filed, but that Faison & Grady, with the solicitor and the counsel for the appellants, met before *Judge Peebles* and went over the defendant's statement of case, and that "we finally decided not to file any counter-statement and to let the case go up on the defendant's statement of the case on appeal."

We are of the opinion that the acceptance of service of the appellant's case on appeal by Faison & Grady does not meet the requirements of the law for the purpose intended. The solicitor, as we said in *State v. Cameron, supra,* represents the State in criminal prosecutions, and the statement of the case on appeal in such cases should be submitted to him for acceptance or objection.   *   *   *   An attorney who simply appears for a private prosecutor only aids the State in the trial, but does not represent the State in the sense of one of its sworn officers.

However, out of favor to the appellants, this matter will be remanded to the Court below, with instructions to the clerk to send at once to the solicitor of the district a copy of the case on appeal, together with a copy of the statement of Faison & Grady, to the end that that officer (the solicitor) may make such entry upon the case on appeal as may embody what took place before his Honor *Judge Peebles* at the time mentioned in the statement of Faison & Grady, and that the statement of the solicitor be returned to this Court by the Clerk of the Superior Court of Sampson County.

Of course we do not mean to intimate that the statement of Faison & Grady is not a correct statement of what occurred

before *Judge Peebles,* but we think it safer to lay down the general rule that the signature of the solicitor, a sworn officer, should appear in the make-up of all criminal actions on appeal where he is present at the trial.

Remanded.