### STATE v. JOSEPH STEVENS.

(Filed 9 March, 1910.)

**Appeal and Error—Criminal Cases—Service—Solicitor—Case Remanded—Procedure.**

In criminal cases the trial judge cannot authorize the case on appeal to be served upon any other than the solicitor, or counsel acting as such *pro tem.* in his absence; and when such

is done a motion by the Attorney-General to remand the case for proper service will be granted. The appeal in this case being thus remanded, it is continued by the Supreme Court, to be heard at the end of the docket in its regular order, unless upon motion, after the return of the case on appeal, it is set for an earlier day.

APPEAL by defendant from *O. H. Allen, J.,* at September Term, 1909, of NEW HANOVER.

*Attorney-General Bickett* for the State.
*Herbert McClammy* for defendant.

PER CURIAM. The Attorney-General moves to remand the case on appeal, that it may be served on the solicitor and (if objected to by him) settled by the judge.

It appears that the judge made an entry allowing the case on appeal to be served "on Joseph W. Little, one of the attorneys of record (assisting in the prosecution), in lieu of the solicitor." The defendant's case on appeal was served on said Little, not on the solicitor, and no exceptions or counter-case having been tendered, the defendant's case on appeal has been sent up to this Court. The conviction is of murder in the first degree and there are sixty-eight assignments of error.

In *S. v. Cameron,* 121 N. C., 572, it was held that the case on appeal must be served on the solicitor and that service upon the assistant counsel is not sufficient, and that service on any one other than the solicitor is valid only when, the solicitor being absent, a solicitor *pro tem.* is acting by his authority or by appointment of the judge, duly recorded; and where counsel other than the *pro tem.* solicitor (in the absence, from the trial, of the solicitor) has accepted service or acted in settling the case, this Court will remand for service upon the solicitor. This was cited and approved in *S. v. Chaffin,* 125 N. C., 665, and *S. v. Conly,* 130 N. C., 684.

In *S. v. Clenny,* 133 N. C., 662, it was again held that service on or acceptance by counsel who appeared with solicitor was not valid, even though such counsel had gone before the judge and there agreed upon a case, and the Court remanded the case with direction to the clerk to send immediately to the solicitor a copy of defendant's case on appeal, to the end that the case should be settled, in the manner provided by law. The Court "laid down the rule that the signature of the solicitor, a sworn officer, should appear in the make-up of all criminal actions on appeal, where he is present at the trial."

The judge below ignored this rule, doubtless by inadvertence. He could not authorize service of the case on appeal to be made

upon any one other than the solicitor, or counsel acting as solicitor *pro tem.* in the solicitor's absence.   *S. v. Cameron,* 121 N. C., 572.

The clerk of the court below will at once transmit a copy of the defendant's case on appeal to the solicitor, who will within fifteen days thereafter serve on the defendant's counsel his exceptions or counter-case, unless he accept the same.   To that end, this case on appeal is remanded and this case is continued here to be heard in regular order at the end of the docket, unless upon motion, after the return of the case on appeal, it is set for an earlier day.

Motion allowed.