*235
 
 Nash J.
 

 This is a prosecution, against the defendants, for a forcible trespass to the dwelling house and yard of James Hunt. It is sometimes very difficult to distintinguish between a civil and criminal trespass — between one which gives merely a civil action, and one, which amounts to a crime punishable by indictment. No such •difficulty exists here; it is not denied, but that the acts and conduct of the defendants, as set forth in the indictment, do constitute a criminal offence ; that of a forcible trespass. The difficulty arrises out of the fact, that the indictment charges the presence of James Hunt, when the acts complained of were perpetrated ; the language is “he the said James Hunt, then and there, being therein, and forbidding &c.” The special verdict finds, that James Hunt was not there, but was absent, and did not return until the day after the violence was committed. It was proper the indictment should have laid the possession of the house and yard in James Hunt, but it was not necessary, in order to constitute the offence intended to be charged, that he should have heen present at the time. The possession of his family was his possession, but their presence was not his presence ; a mere trespass to the dwelling house of a man is not, of itself, indictable. To make it so, it must be done under such circumstances, as amount to a breach of the. public peace, or have an immediate tendency to provoke it.
 
 State
 
 v.
 
 Fort,
 
 4 Dev. & Bat. 103. Some person, therefore, must be in the house or premises, to cause the acts complained of to have that effect; some person, who has the right to defend the possession or to be provoked at its invasion. It was sufficient, then, to have constituted the acts, of which the defendants were guilty, a public offence, that the family, the wife and children of James Hunt, were present; they had a right to defend the possession. But the indictment charges that James Hunt was present. The fact, as found by the special, verdict, is, that he was not there. It
 
 *236
 
 is a general rule, both in criminal and civil proceedings, that the evidence shall be confined to the point in issue ; particularly so, is it in criminal proceedings, from the increased consequences to the accused. An indictment is defined by Mr. Blackstone to be a written accusation against the individual charged — it is, in substance, the declaration of the State, setting
 
 forth the
 
 offence of which she complains. It is no more competent to depart from the charge, contained in the indictment, than from the cause of action set forth in a declaration. The allegation that James Hunt was there, forbidding the acts of the defendants, is a material part of the charge in this indictment, and cannot be thrown aside as surplusage. To suffer judgment to pass against the defendants upon this indictment, would be to
 
 try
 
 them on one charge, and convict them on another. The charge in the indictment, and that set forth in the special verdict, are distinct and several. The jury could not sa}", the defendants were guilty in manner and form as charged — which was the issue submitted to them — and, unless so guilty, they w'ere not guilty at all ; they therefore found the facts, and pre- v sented them to the Court, and asked its advice. The Court ordered judgment to be entered for the defendants. In
 
 Smith s
 
 case, 2 Ire. 127, there was a material variance, between the averment of the indictment of the presence of the prosecutrix, and the facts found by the special verdict ; in the latter case, it was slated she was not present, and the Court held the variance to be fatal to a conviction, and observed in closing their opinion, “the Defendant might be entrapped, if it could be held, that the facts found in the latter (the special verdict) would support the charge in the indictment.”
 

 Pee Curiam,
 

 Judgment affirmed.