This was an indictment for a forcible entry at (244) common law, and after a verdict, finding the defendant guilty, the judgment was arrested in the court below, because there was no allegation in the indictment that the owner of the house was present at the time of the entry; and, although it was alleged that one Mary Bell was present, there was no allegation that she was in possession of the house, nor that she was a member of the prosecutor's family, or had any right to forbid the entry of the defendant. The counsel who has appeared for the State in this Court has endeavored to avoid the force of this objection to the indictment by contending that "house" ex vi termini means dwelling-house, and that at common law a forcible entry into a dwelling-house is a misdemeanor, whether the owner be present or not. In support of the latter part of his proposition, he referred to and relied upon 1 Hawk. P. C., Book 1, ch. 28, sec. 26. It is unnecessary for us to decide this question, because we do not assent to the position that a "house" means ex vi termini a "dwelling-house."
The law takes notice of different kinds of houses, and distinguishes dwelling-houses by giving them the preeminence above all others. Thus at common law nocturnal breaking of a dwelling-house is an offense of a higher grade than injury of a similar kind to other houses is held to be. Indictments for burglary must charge the house broken to be a dwelling-house, and it would be a fatal defect in the bill to describe it merely as "a house." So we think that if it be, as is contended, that a forcible *Page 150 
entry into a dwelling-house in the absence of the owner and his family is an indictable offense, the indictment must allege the house to be a dwelling-house. Were it otherwise, the indictment would not have that certainty as to facts and circumstances which is necessary to apprise the defendant of what is charged against him, so that he may know how to prepare his defense. Arch. Cr. Pl., 41.
(245) The indictment in the present case cannot, then, be supported as one for a forcible entry into the dwelling-house of the prosecutor. Being an indictment for a forcible entry into a house other than a dwelling-house, it ought to have charged that the offense was committed in the presence of the prosecutor, or, at least, of some member of his family.S. v. McCanless, 31 N.C. 375; S. v. Walker, 32 N.C. 234; S. v.Caldwell, 47 N.C. 469. Here the indictment does not charge the presence of the prosecutor, not of any person who is stated to be a member of his family. It is, therefore, defective and insufficient. But it is contended by the counsel for the State that it is aided by the Rev. Code, ch. 35, sec. 114. That act was passed for the purpose of putting an end to objections founded upon mere informalities and refinements. The answer to this is that the defects in this indictment are matters of substance, for the Court cannot discover from the indictment that the house into which the illegal entry was made was the dwelling-house of the prosecutor, nor that Mary Bell was his wife, daughter, or other member of his family, having a right to forbid the entry of the defendant.
PER CURIAM. No error.