L. B. MANNING v. CAROLINE A. MANNING and others.

*Husband and Wife--Wife's Separate Estate.*

1. An action can not be maintained by a husband against his wife and her agent, for an account of the dealings of the agent in the management of the wife's separate estate.

2. A wife (whether a free-trader or not) is entitled under the constitution (Art. X, § 6, and Bat. Rev. ch. 69, § 29) to recover and hold to

MANNING *v.* MANNING.

her own use, her separate property and also the income derived from it ; and agents appointed by her, whether before or after marriage, must account with and pay to *her*, what they have received either before or after her marriage.

CIVIL ACTION, tried at January Special Term, 1878, of HALIFAX Superior Court, before *Schenck, J.*

The plaintiff alleged that subsequent to his marriage with defendant, Caroline, she became a free trader in pursuance of Bat. Rev., ch. 69; that prior to and since said marriage she was seized of a considerable estate which has yielded a large income ; that the other defendant, Garibaldi, was the agent of his co-defendant, had managed her business prior to said marriage, and has acted as such since that time, managing her whole estate and collecting moneys to a large amount; that said Garibaldi has refused to account to the plaintiff; wherefore the plaintiff demands judgment against the said defendant for an account of his dealings as agent aforesaid. The defendant Caroline answering, stated that she had had a full and fair settlement with her co-defendant, and that it was ascertained he was due her the sum of $1470,58, only a small part of which had actually been paid ; that the plaintiff had taken sole control and possession of all her property (except that in the hands of her co-defendant) against her will, and used the rents and profits arising therefrom for his own benefit, and had failed to provide for her support ; wherefore she demands judgment against her co-defendant for the amount due her. The defendant, Garibaldi, also filed an answer stating the manner in which said business had been managed by him, and the plaintiff replied. Verdict and judgment for defendants. Appeal by plaintiff.

*Mr. T. N. Hill.* for plaintiff.

*Messrs. Mullen & Moore, S. Whit ker,* and *A. W. Haywood,* for defendants.

BYNUM. J. This action can not be maintained by the husband. The wife is entitled to recover and hold to her own use her separate property, real and personal, and also the rents, issues and profits derived from it. Agents appointed by her, whether before or subsequent to marriage must account with and pay to her what they have received, whether the income and profits accrued before or since the marriage. If this proposition did not sufficiently appear from the constitutional provision, it certainly does from the act entitled, "marriage, and marriage contracts." Bat. Rev., ch. 69. § 29, of which is in these words: "The savings from the income of the separate estate of the wife, are her separate property. But no husband who, during the coverture, (the wife not being a free trader under this chapter) has received without objection from his wife, the income of her separate estate, shall be liable to account for such receipt for any greater time than the year next preceding the date of summons issued against him in an action for such income, or next preceding her death." It is thus seen that the husband is liable to an action and account at the suit of his wife even when the income has been received by him without objection by her, provided the action is begun and prosecuted as specified in the section.

The plaintiff alleges that his wife has in due form of law (Bat. Rev., ch. 69, §§ 18, 19, 20,) become a free trader. How that fact can help the plaintiff's case, it is difficult to see. By a proper construction of § 29, before cited, where the wife is not a free trader, the husband's liability is limited, but where she is a free trader his liability to account for her income received by him is unlimited except by the general law applicable to agents and other persons. If the wife has the right to make the husband account, he can not make her agents account to him and pay into his hands, income which she may immediately sue for and recover from the husband. The plaintiff therefore has no concern

with the judgment which the wife obtained in the action against her agent, Garibaldi. As the latter does not object, no other person can. See the other case of *Manning* v. *Manning, ante,* 293.

No error.                                    Affirmed.