## STATE v. JERE LANIER.

*Embezzlement—Married Women, separate estate of.*

1. An indictment for embezzlement of money need not state the name of the person from whom the money was received; and the averment that the defendant is neither an apprentice nor under the age of sixteen years, is a substantial compliance with the statute.

2. Distinction between our statute, which makes embezzlement a felony punishable *as* larceny, and the English statute which makes it larceny, noted. The charge of larceny in this indictment may be rejected as surplusage.

3. A married woman is not incapable of making a contract in respect to her separate property; she may recover and hold it and the income derived from it, to her own use.

4. Verdicts and judgments are presumed to be correct until the contrary be shown.

(*State* v. *Perkins,* 82 N. C., 681; *State* v. *Slayle, Ib.,* 652; *State* v. *Upchurch,* 9 Ired., 454; *Honeycutt* v. *Angel,* 4 Dev. & Bat., 306; *Whitesides* v. *Twitty,* 8 Ired., 431; *Manning* v. *Manning,* 79 N. C., 300, cited and approved).

INDICTMENT for embezzlement tried at May Term, 1883, of NEW HANOVER Criminal Court, before *Meares, J.*

The bill of indictment is in substance as follows: The jurors, &c., present that Jere Lanier, &c., with force and arms, &c., being then and there employed as a servant of Addie P. Mc-Clammy, by virtue of his employment, and whilst he was so employed, did receive and take into his possession certain money, to-wit: seven dollars and fifty cents for, and in the name of, and on account of the said Addie P. McClammy, his mistress and employer, the said Lanier not being an apprentice, nor under the age of sixteen years; and the said money then and there fraudulently and feloniously did embezzle. And so the jurors, &c., do say, that said Lanier, in manner and form aforesaid, the said money, the property of said Addie P. McClammy, feloniously did steal, take and carry away, against the form of the statute, &c.

It was in evidence that Mrs. McClammy was a married woman, living with her husband, in the city of Wilmington, and that she owned several milch cows, and carried on and conducted the business of selling milk, in her own name, and that her husband had nothing to do with her milk business; that she took into her employment the defendant, whose duty it was to deliver the milk from day to day to her customers, and collect the money for the same and pay it over to her; the defendant sold and delivered to George Chadbourn, in the months of September and October, 1882, during a period of four consecutive weeks, eight dollars worth of milk, and during that time he collected and received two dollars per week from the purchaser, in payment of the same, and the defendant paid over only one dollar of the amount to his employer.

The counsel for the defendant asked the judge to instruct the jury, that Mrs. McClammy, being a married woman, and not a "Free Trader," was incapable in law of making a contract with, or employing the defendant as her servant, and therefore he could not be convicted; refused, and the defendant excepted.

After a verdict of guilty, the defendant moved in arrest of judgment, upon the following grounds:

1. For want of certainty, because the indictment fails to set out the name of the person from whom the defendant received the money.

2. Because the indictment does not negative the fact that the defendant is not an apprentice under the age of sixteen years, and does not come within the exception contained in the statute.

The motion was overruled, and the defendant appealed from the judgment pronounced.

*Attorney-General,* for the State.
No counsel for defendant.

ASHE, J.   Upon a careful examination of the record, we are unable to discover any ground upon which the judgment should be arrested.

The first ground relied upon by the defendant is without foundation. It was not necessary to state in the indictment the name of the person from whom the money was received. The name of the person from whom the money is received is never set forth in the precedents of indictments for embezzlement. It could, therefore, make no difference whether the money was received from Chadbourn or his servants; but it no where appears in the record that it was received from a servant of Chadbourn.

The second ground is equally untenable. The indictment does expressly negative the fact that the defendant was an apprentice and under the age of sixteen years. The negation is that " the said Jere Lanier, not being then and there an apprentice, nor under the age of sixteen years." It follows substantially the words of the statute.

. We at first thought that the bill might be defective, because it purports to charge a larceny. When this case was before us at a former term (88 N. C., 658) we called the attention of the draughtsman to the distinction between an indictment under our statute (Bat. Rev., ch. 32, §136), which makes embezzlement a felony and punishes it *as* in larceny, and an indictment under the English statute of 7th and 8th GEORGE, which makes embezzlement larceny. The suggestion seems to have been disregarded, and the case comes back on a second bill of indictment, drawn after precedents under the English statute. But, upon consideration, we have come to the conclusion that the indictment is good for embezzlement, notwithstanding the charge of larceny. For it is a general principle, applicable to all legal proceedings, that mere surplusage does not vitiate. *Utile per inutile non vitiatur.* So, if an indictment charge an act to be feloniously done, and the facts amount only to a misdemeanor, still, if by rejecting the surplusage there is enough left of the allegation to constitute a good charge of misdemeanor, the defendant may be convicted of the misdemeanor. Bish. C. L., §819 ; *State* v. *Perkins,* 82 N. C., 681 ; *State* v. *Slagle, Ib.,* 653 ; *State* v. *Upchurch,* 9 Ired., 454. And the same doctrine obtains in regard to felo-

nies: a man may be indicted for robbery, and if the property be not taken from the person by violence or putting in fear, the defendant may be convicted of the simple larceny.    2 Hale P. C., 203.

In our case, then, the words "and so the jurors, upon their oath, do say that the said Jere Lanier, then and there, in manner and form aforesaid, the said money, the property of the said Addie P. McClammy, feloniously did steal, take and carry away," may be stricken out, and there is enough left to constitute the offence of embezzlement.    The words are superfluous and unmeaning in an indictment under our statute, for they do not constitute a charge of larceny, though they would do so in an indictment under the English statute.    There is no ground for the arrest of the judgment.

The defendant excepted to the refusal of His Honor to instruct the jury, as requested, that Mrs. McClammy, being a married woman, and not a " Free Trader," was incapable in law of making a contract.    The cows and the products of the dairy either belonged to the husband or to the wife, as her separate property.    If they belonged to the husband, the exception should have been sustained; but if they were the separate property of the wife, it was properly overruled.

No exception was taken upon the ground that the property of the cows was not properly laid in Mrs. McClammy.    The point seems to have been conceded.    The *case* states that "she owned several milch cows, and carried on and conducted the business of selling milk, in her own name, and that her husband had nothing to do with her milk business."    If she was the owner, the inference follows that she was the owner of the property as her separate estate; and the conclusion is supported by the legal presumption that the verdict of the jury was correct.    *Honeycutt* v. *Angel*, 4 Dev. & Bat., 306.    See, also, the opinion of Chief-Justice Ruffin, in *Whitesides* v. *Twitty*, 8 Ired., 431.

If, then, Mrs. McClammy owned the cows as her separate estate, she had the right to make the contract and employ the

defendant as her servant in the business of selling milk. She is entitled, under article ten, section six, of the constitution, and chapter 69, section 70, of Battle's Revisal, to recover and hold, to her own use, her separate property, and also the income derived from it. And agents appointed by her, whether before or after marriage, must account with and pay to her what they have received, either before or after marriage. *Manning* v. *Manning*, 79 N. C., 300.

There is no error. Let this be certified to the criminal court of New Hanover county.

No error.                                                Affirmed.