STATE v. LENORA ANDERSON.

(Filed 23 February, 1927.)

**Criminal Law—Burning—Dwelling—Statutes—Evidence—Questions for
Jury.**

> Threats of the tenant in and former owner of the house that she would
> destroy the house she lived in before the owner by purchase at a fore-
> closure sale should get the possession he demanded, with the other evi-
> dence in this case tending to show the guilt of the defendant, is *held*
> sufficient to convict her of its burning under the provisions of C. S., 4245.

APPEAL by defendant from *Nunn, J.,* at October Term, 1926, of HYDE.
The defendant was indicted for the willful, wanton, and fraudulent
burning of a dwelling-house, in breach of C. S., 4245, and from the
judgment pronounced upon her conviction she appealed to the Supreme
Court, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for
the State.*
*Walter L. Spencer and S. S. Mann for the defendant.*

PER CURIAM. The defendant's motion to dismiss as in case of non-
suit raises the question whether there is sufficient evidence to sustain the
verdict and judgment. The house, formerly owned by the defendant,
was purchased by S. L. Gray at public auction in 1924 or 1925. When
he told her that he had a deed for the property, she asked whether he
would put her out, and remarked, "I would rather see it in ashes than
messed up like this"; and when informed that she might be imprisoned

if she burnt the house, she answered, "I don't care if I am." She said she would stay there until the end of the year; that the house would never do Gray any good, and he would never move in it; that when she moved away it would be "clean as your hand." The fire occurred about seven o'clock in the evening of 31 December, 1925. The defendant was seen coming from that direction about ten or fifteen minutes after the light was discovered. The roof was burning. She admitted that it was the house she had occupied, and said she and Babe, a little girl, had tried to put the fire out but had failed. She made no outcry, gave no alarm, and refused to go back to the fire. When she declared that the house would never do Gray any good she "seemed to be in a fit of passion."

In our opinion, the motion to dismiss was properly denied. The other assignments of error are without merit. *S. v. Thompson,* 192 N. C., 704; *S. v. Matthews,* 162 N. C., 542; *S. v. Harrison,* 145 N. C., 408.

No error.