STATE v. WILL COLSON.

(Filed 14 September, 1927.)

**1. Criminal Law—Evidence—Cross-Examination—Assault and Battery—Deadly Weapon—Intent to Kill—Statutes.**

Upon a trial for an assault with a deadly weapon with intent to kill resulting in injury, C. S., 4214, it is competent for the solicitor on cross-examination of the defendant who has testified as a witness in his own behalf, to ask him if on certain occasions he has violated certain criminal laws, when confined solely to the purpose of impeaching the testimony he had given. C. S., 1799.

**2. Same—Corroborative Evidence—Declarations.**

Upon the prosecution of an action for an assault with a deadly weapon, a pistol, wherein the defendant denies he was the man who had shot the prosecuting witness, it is competent for this witness to testify that immediately after the shooting he had said to bystanders that the defendant was the man, when confined to the purpose of corroborating his testimony previously given to that effect.

**3. Same—Evidence—Verdict—Conviction of Simple Assault.**

Under an indictment for an assault with a deadly weapon, a pistol, with intent to kill, C. S., 4214: *Held*, the evidence in this case was sufficient to sustain a verdict under C. S., 4640, of an assault with a deadly weapon, which tended to show that the defendant fired at the prosecuting officer, a police officer, as the latter was attempting to stop him from driving off in his automobile in endeavoring to escape arrest under a warrant held by another police officer, who was with him for the purpose of making the arrest, with other evidence that the defendant knew the policeman fired upon as an officer of the law at the time.

APPEAL by defendant from *Moore, Special Judge,* at June Term, 1927, of PASQUOTANK. No error.

Defendant was tried upon an indictment charging him with an assault with a deadly weapon, to wit, a pistol, with intent to kill, resulting in injury. C. S., 4214. The jury found him guilty of an assault with a deadly weapon. C. S., 4640.

From judgment upon the verdict defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Thomas J. Markham and McMillan & LeRoy for defendant.*

CONNOR, J. Assignments of error based upon exceptions to the overruling by the court of defendant's objections to questions addressed to him by the solicitor, upon his cross-examination as a witness in his own behalf, cannot be sustained.

These questions were manifestly for the purpose of impeaching defendant as a witness; they were competent for that purpose. The principle upon which a new trial was ordered by this Court in *S. v. Alston,* 94 N. C., 930, cited by defendant in support of these assignments of error, is not applicable upon this record. It is held in that case that "as a general rule it is not admissible, on a prosecution for one offense, to prove that the defendant had before committed another offense." Defendant in the instant case having become a witness in his own behalf, was subject to cross-examination and impeachment as any other witness. C. S., 1799. *S. v. Wentz,* 176 N. C., 745; *S. v. Cloninger,* 149 N. C., 567. It was competent for the solicitor to ask the defendant, on his cross-examination, for the purpose of impeachment, if he had not on a certain occasion violated the prohibition law, and if he had not adjusted in court a charge that he had failed to support his wife. *S. v. Holder,* 153 N. C., 606; *S. v. Thomas,* 98 N. C., 599.

Statements of the prosecuting witness that defendant, Will Colson, was the man who shot him with a pistol as he stood upon the running-board of the automobile, and thus inflicted the wound upon his head, made immediately after he had fallen from the running-board, to bystanders, were competent as evidence tending to corroborate his testimony as a witness. They were offered and admitted for this purpose only. The court at the time they were admitted so instructed the jury. Defendant's assignments of error with respect to the admission of this evidence cannot be sustained.

Evidence offered by the State tended to show that F. T. Winslow, a police officer, went to the home of defendant, Will Colson, in Elizabeth City, about 9:30 p.m. on 4 June, 1927, in response to a telephone call; that he was accompanied by another police officer, who had a warrant to be served on defendant; that as the two officers approached defendant's home they saw a man leave an automobile standing on the street, near defendant's home; and that a man sitting in the automobile, immediately upon seeing the officers approaching defendant's home, started the motor, as if to drive away. Officer Winslow went at once to the automobile and ordered the man sitting at the steering wheel not to drive away. He testified that the man in the automobile was defendant Will Colson. He was the only man in the automobile. He knew Winslow, and knew that he was a police officer. Winslow jumped upon the running-board and attempted to cut off the switch, and thus prevent defendant from driving the automobile away. Winslow testified that defendant Colson drew and fired a pistol at him; he felt a burning sensation about his head, and fell from the running-board to the ground. The automobile was then driven away.

Defendant Colson, as a witness in his own behalf, testified that he was not the man in the automobile; that he left his home that night about 8:30 and did not return until after 10:30. There was evidence tending to corroborate him.

All the evidence tended to show that the man in the automobile fired a pistol at officer Winslow, thereby inflicting a serious wound upon his head. The jury, upon competent evidence found that defendant was the man in the automobile who fired the pistol. Not being satisfied beyond a reasonable doubt that defendant fired the pistol with intent to kill, the jury found him guilty of an assault with a deadly weapon, in accordance with instructions contained in the charge of the court.

We find no error in the instruction complained of by defendant and made the subject of his exception No. 23. This instruction is not susceptible of the construction insisted upon by defendant upon his appeal to this Court, to wit, that the defendant was guilty of an assault with a deadly weapon, if he simply pushed the officer off the running board. The court expressly instructed the jury that if they did not find that defendant assaulted the witness with a deadly weapon, but "just shoved him off the running-board of the automobile," he would be guilty of only a simple assault. We find

No error.