## STATE v. THOMAS MASLIN.

(Filed 2 May, 1928.)

**1. Embezzlement—Indictment Therefor—Sufficiency Thereof—Demurrer.**

When the evidence upon the trial tends to support charges in the indictment that the defendant was an officer, agent, and director of a bank, and had unlawfully, wilfully and feloniously embezzled a certain amount of its funds held in trust, with the intent to defraud, following the material words of the statute in force at the time of the committing of the offense charged, it is sufficient to sustain a general verdict of guilty upon the charges contained in the indictment, variously stated as did "embezzle," did "abstract," etc., and a demurrer thereto is bad. 3 C. S., 224(e), 4401.

**2. Indictment—Requisites and Sufficiency Thereof.**

An indictment for a criminal offense is ordinarily sufficient if it uses the descriptive words given in the statute applicable as constituting the offense, or substantially so many of them as will enable the court to determine the one on which it is founded.

**3. Embezzlement—Indictment—Sufficiency Thereof.**

Under an indictment of an officer of a bank for embezzling a part of its trust funds, the charge embezzlement carries the meaning of the wrongful conversion of the funds by the defendant to his own use, and the failure to specifically charge that the bank had entrusted the defendant with the funds, or that there had been a breach of a trust relationship by the defendant with the bank is not a requisite to its validity.

**4. Embezzlement—Evidence—Expert Testimony—Parol Evidence.**

Expert evidence may be properly admitted to trace book entries, without contradicting them, so as to show that the officer of the bank had embezzled the bank's funds held in trust, as charged in the bill of indictment.

**5. Criminal Law—Evidence—Character Evidence.**

The defendant in a criminal action puts the credibility of his testimony in evidence, subject to impeachment, when he becomes a witness in his own behalf, and when relating only to his credibility as a witness, it is competent for the State to ask him, on cross-examination, whether he was not then under indictment for similar or like offenses.

APPEAL by defendant from *Stack, J.,* at September Term, 1927, of FORSYTH.

The indictment contains three counts, the first being as follows: The jurors for the State, upon their oath present, that Thomas Maslin, late of the county of Forsyth, on 7 March, A.D. 1921, at and in the county aforesaid, being then and there an officer, agent and director of the Merchants Bank and Trust Company, a corporation duly created, organized and existing and operating under the banking laws of North Carolina, and engaged in the banking business in the city of Winston-

Salem, county and State aforesaid, unlawfully, wilfully and feloniously did embezzle the sum of nine thousand seven hundred and seventy dollars of the moneys, funds and credits in the possession of, and held in trust by the said Merchants Bank and Trust Company, belonging to one E. K. Polites, with intent to defraud, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

In the second count the word "abstract" takes the place of "embezzle" in the first, and the words "with intent to defraud" in the first are changed in the second into the phrase "with intent to defraud and injure the said Merchants Bank and Trust Company and the said E. K. Polites."

The third count is a transcript of the second with the word "misapply" substituted for "abstract."

The jury returned a general verdict of guilty and from the judgment pronounced the defendant appealed upon exceptions and assignments of error referred to in the opinion.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Swink, Clement & Hutchins and F. P. Hobgood for defendant.*

ADAMS, J. In addition to demurring thereto the defendant moved to quash each count in the bill of indictment. He assails the first on the ground that it contains no description of the funds, no recital of the number of transactions composing the embezzlement, no averment that the funds came into his actual possession by reason of his official relation to the bank, or that he converted them to his own use, or that he did any of the forbidden acts with intent to defraud or injure the bank or any person or corporation, or to deceive an officer of the bank or an agent appointed to examine its affairs.

As to the second count it is objected that it has no averment of a description of the funds, of the number of transactions, or of loss to the bank by reason of the abstracted funds, or that the abstraction was made without the consent of the bank, or with intent to defraud the bank or any person or corporation, or to deceive the bank or its examiner. Similar objections are made to the third count, which charges the misapplication of moneys, funds, and credits in the possession of and held in trust by the bank. The motion and the demurrer were overruled and the defendant excepted.

This ruling was free from error. The statutes which were in effect at the time the several acts are charged in the indictment to have been committed denounce the embezzlement, the abstraction, and the mis-

application of a bank's moneys, funds, or credits by any of its officers, agents, or directors. C. S., 4401, 224(e). The act which amended section 224(e) (*Toomey v. Lumber Co.,* 171 N. C., 178) was ratified and made effective on 25 February, 1927. Public Laws 1927, ch. 47, sec. 16.

Embezzlement was not an offense at common law. *S. v. McDonald,* 133 N. C., 680. It is made a crime by statute; and ordinarily an indictment will be deemed adequate if it charges the defendant with all the acts embraced within the statutory definition, or if it employs so many of the substantial words of the statute as will enable the court to determine the one on which it is framed. 2 Bishop's Crim. Procedure, sec. 611 *et seq.;* 1 Wharton's Crim. Law, (11 ed.), sec. 230, n. 2; *S. v. Heaton,* 81 N. C., 543; *S. v. Sauls,* 190 N. C., 810. Tested by this principle each of the counts is sufficient in law.

An analysis of the first count discloses these component averments: (1) the defendant was an officer, agent, and director of the bank; (2) moneys, funds, and credits, the property of E. K. Polites, were in the possession of and were held in trust by the bank; (3) the defendant unlawfully, wilfully, and feloniously embezzled $9,770 of these funds, with intent to defraud. The agency, the receipt of the property in the course of business, the name of the owner, and the embezzlement are clearly set forth. It was not necessary to aver or to prove that the money or funds had been committed by the bank to the custody of the defendant or that there had been any breach of trust or confidence except that which arose out of the relation between the bank and the defendant. *S. v. Gulledge,* 173 N. C., 746. Nor was it necessary to charge in the very words that the defendant had converted the property to his own use. The word "embezzle" has a technical meaning. "It is believed that the single statutory words, 'did embezzle,' sufficiently indicate the criminal act; just as 'did burn' in arson, 'did make an assault,' in assault, 'did solicit' in attempt, 'did break and enter' in burglary, and 'did conspire' in conspiracy, are alone adequate, being the terms most adequately expressing the idea, and requiring and admitting no aid from circumlocution." 3 Bishop's New Crim. Procedure, sec. 322. In the indictment under review in *S. v. Lanier,* 89 N. C., 517, the charge was expressed in the words "and the said money then and there fraudulently and feloniously did embezzle." There was an additional averment of larceny, but the Court held that it might be disregarded as superfluous and that the charge of embezzlement was adequate; this for the reason that "to embezzle" means to misappropriate as well as to convert to one's own use. *S. v. Foust,* 114 N. C., 842. The intent to defraud was sufficiently set out without specifically naming any particular victim of the preconceived purpose. C. S., 4621; *S. v. Switzer,* 187 N. C., 88.

As we have not discovered any fatal defect in the first count the verdict would not be vitiated by insufficiency of the second or third. The jury convicted the defendant upon a general verdict which covers all the counts, and if either count is good the verdict will be upheld because the offenses charged are of the same grade and punishable to the same extent. *S. v. Hammond,* 188 N. C., 602; *S. v. McAllister,* 187 N. C., 400; *S. v. Strange,* 183 N. C., 775; *S. v. Klingman,* 172 N. C., 947. But we do not intimate that the last two counts are in anywise defective. They are laid substantially in the language of the statute and this, as we have said, is ordinarily regarded as meeting the demands of the law in this respect. It is safe but not essential to pursue the words of a statute. *S. v. Heaton, supra.* The objection that there is nothing in the indictment to indicate the number of abstractions, if more than one, is removed by the discussion and decision of the question in *S. v. Switzer, supra.*

Several exceptions relate to expert testimony which was admitted to elucidate certain entries in the books of the bank. The objection is that the entries were free from ambiguity and that parol evidence was not admissible in explanation. The principle that as a rule parol evidence cannot be received to contradict, alter, or modify the terms of a written instrument which speaks for itself has no application here. The evidence was offered for the purpose of tracing sundry entries on the books through a series of transactions which tended to show that funds had been taken from the trust account and elsewhere applied. It is hard to see how the jury could have understood the significance of these entries without the aid of expert testimony, or how they could have taken the books and satisfactorily have traced any of the funds while making up their verdict. The entries were not changed; their meaning was explained. There was no invasion of the province of the jury by the expression of an opinion upon a fact in issue. *S. v. Hightower,* 187 N. C., 300. Neither these exceptions, nor others taken to Shapiro's conversation with the defendant, point to the admission of any evidence which could have been prejudicial in law to the rights of the defendant. For this reason they must be overruled.

On cross-examination the defendant was asked whether he was then under indictment for abstracting and embezzling funds belonging to the Merchants Bank and Trust Company, for the embezzlement of trust funds deposited in the same bank by the Snipes estate, and for receiving into the bank certain moneys for deposit when he knew the bank was insolvent. His objection to each question was overruled and to each, reserving his exceptions, he gave an affirmative answer. Should this evidence have been excluded?

When the defendant took the stand his status was two-fold—that of defendant and that of a witness. As a person accused of crime his character could not be evidenced by the State until he had put it in issue; but as a witness, his character was subject to impeachment. 4 Wigmore on Evidence, sec. 2277. It was only for the latter purpose that the evidence was admitted. *S. v. Traylor,* 121 N. C., 674.

It may be conceded that the decisions of some other courts sustain the defendant's position; others do not; we are therefore concerned chiefly with our own. In *S. v. Patterson,* 24 N. C., 346, 359, a question was raised as to how far a witness should be compelled to answer questions which, without charging him with crimes, tended to his disparagement or disgrace; and it was held that such questions were permissible, the only doubt being whether before the act of 1881 (C. S., 1799), the witness could refuse to give an answer. And in *S. v. Garrett,* 44 N. C., 357, it was said that if a witness refused to say on cross-examination whether he had been convicted of an infamous crime his silence should be a proper subject of comment before the jury. The latter decision was followed in *S. v. Lawhorn,* 88 N. C., 634, which in turn has been approved in *S. v. Spurling,* 118 N. C., 1250; *S. v. Holder,* 153 N. C., 606; *S. v. Winder,* 183 N. C., 776; *S. v. Spencer,* 185 N. C., 765, and *S. v. Jeffreys,* 192 N. C., 318. In the case last cited the defendant on cross-examination was asked this question: "Why didn't you ask that man out at Mordecai what he wanted you for and what did they arrest you on Hillsboro Street one time for?" The question was held to be competent for the purpose of impeaching the defendant as a witness; and in *Colson's case* the questions propounded to the defendant for the purpose of impeachment, and held to be competent, were whether he had not violated the prohibition law and whether he had not adjusted in court a charge that he had failed to support his wife. *S. v. Colson,* 194 N. C., 206. Evidence of a mere accusation of crime should be excluded. *S. v. Wiggins,* 171 N. C., 813. But an indictment duly returned as a true bill, while in a sense an accusation, is much more than a bare charge: it is an accusation based upon legal testimony and found by the inquest of a body of men, not less than twelve in number, selected according to law and sworn to inquire into matters of fact, to declare the truth, and as preliminary to the prosecution to find bills of indictment when satisfied by the evidence that a trial ought to be had. *S. v. Stewart,* 189 N. C., 340; *S. v. Walker,* 32 N. C., 234; *S. v. Tomlinson,* 25 N. C., 32; *S. v. Christmas,* 20 N. C., 545.

Questions of this kind have been generally indulged in the practice and permitted in the trial courts, and if the decisions heretofore cited are to be recognized as the law it is manifest that there was no error in overruling the exceptions on this point.

No error.