### STATE v. JAMES W. MORRISON.

(Filed 8 January, 1932.)

**Arson C a—Indictment under C. S., 4245, need not specify any particular fraudulent purpose for burning of dwelling-house.**

Where in a prosecution under C. S., 4245 the indictment charges that the defendant burned his dwelling-house for the fraudulent purpose of obtaining insurance money thereon, and the court charges the jury that if they should find beyond a reasonable doubt that the defendant did the act charged "for a fraudulent purpose, and the State alleges that the fraudulent purpose" was to collect the insurance money, *Held:* it was not necessary for the bill of indictment to specify any particular fraudulent purpose, and the unnecessary allegation in the bill is not, necessarily, fatal, and the judgment will be upheld, refined technicalities of procedure having been almost entirely abolished. C. S., 4610, 4625.

CRIMINAL ACTION, before *Moore, J.,* at April Term, 1931, of CABARRUS.

The defendant was indicted upon a bill charging in substance that on 6 December, 1929, "he did unlawfully, wilfully and feloniously, while being bona fide owner thereof, living in and occupying the said house and residence which he was then and there using as a dwelling-house, burn the same for the fraudulent purpose of collecting $3,500 of insurance which the defendant was carrying on said building and the contents thereof." There was sufficient evidence of the commission of the crime charged to be submitted to the jury, the jury having convicted the defendant, he was sentenced to serve a term of not less than five nor more than seven years in the State's prison.

From judgment upon the verdict the defendant appealed.

*Armfield, Sherrin & Barnhardt for defendant.*
*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

BROGDEN, J. The indictment was founded upon C. S., 4245. The bill of indictment alleged that the defendant set fire to his residence for the fraudulent purpose of collecting fire insurance on the building and the contents thereof.

The trial judge charged the jury as follows: "Now, gentlemen, if you find beyond a reasonable doubt, as I have defined reasonable doubt to you, that this defendant either by himself or by the procurement of others, wilfully and wantonly set fire to that house and burned it, for a fraudulent purpose, and the State alleges that fraudulent purpose was the intent to burn that building and destroy it that he might collect the insurance money—if you find that he did that, or procured it to be done by another who aided and assisted him, then it would be your duty to find him guilty, if you so find beyond a reasonable doubt. If not, it would be your duty to give him the benefit of the doubt and acquit him." The defendant attacks the correctness of the charge upon the ground that as the bill of indictment specified the particular fraudulent purpose moving the defendant to burn the house that the State was limited to proof of the particular purpose specified in the bill of indictment. Hence it was contended that when the trial judge instructed the jury that if the defendant wilfully and wantonly burned the house for a fraudulent purpose that the defendant was prejudiced by such charge in that the proof of guilt was not limited to the fraudulent purpose of procuring fire insurance money.

Manifestly, it was not necessary that the bill specify any particular fraudulent purpose. *S. v. Hedgecock,* 185 N. C., 714, 117 S. E., 47; *S. v. Maslin,* 195 N. C., 537, 143 S. E., 3. Consequently, an unnecessary allegation in the bill would not, necessarily, be fatal. Indeed, in *S. v. Anderson,* 193 N. C., 253, 136 S. E., 723, the defendant was indicted and convicted upon a bill of indictment based upon C. S., 4245, which charged a fraudulent purpose in general terms, and the judgment was upheld upon appeal. "Moreover, the courts now disregard these refinements, so as not to permit the defendant to avoid answering a bill of indictment because there are merely technical and formal errors in the bill of indictment. The refined technicalities of the procedure at common law in both civil and criminal cases have almost entirely, if not quite, been abolished by our statute, C. S., 4610 to 4625." *S. v. Hawley,* 186 N. C., 433, 119 S. E., 888.

No error.