## S[F]ATE v. CUMMINGS HOUSTON.

### *Evidence — Confessions.*

Where the defendant, a negro, was arrested in the night by a Deputy Sheriff and three other white men, the party being shortly after joined by other white men, and while on the way to the Magistrate, the defendant made certain confessions, "no threats or promises or violence" to him having been offered, such confessions are admissible in evidence.

INDICTMENT for Larceny tried at Fall Term, 1876, of GUILFORD Superior Court, before *Kerr, J.*

The confessions of the defendant were proved by the State as having been made under the following circumstances: The witness (a Deputy Sheriff) accompanied by three other persons, arrested the defendant near the city of Greensboro about 9 o'clock at night and carried him before a Justice of the Peace about a mile from the place of arrest. While on the way and after four other persons had joined them, the prisoner confessed that he took the goods alleged to have been stolen. "No threats, or promises, or violence" to defendant were offered. The persons present were white men, the defendant a black man. The counsel for the defendant insisted that the evidence was inadmissible because the confessions were not voluntary. The Court overruled the objection and the jury rendered a verdict of guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.

*Mr. J. T. Morehead,* for the defendant, cited *State* v. *Charity,* 2 Dev. 543 ; *State* v. *Matthews,* 66 N. C. 106 ; *State* v. *Whitfield,* 70 N. C. 356, and *State* v. *Dildy,* 72 N. C. 325.

READE, J. To make a man "the instrument of his own conviction," as Mr. Hawkins expresses it, is always repul-

sive.  To pluck a secret from his own breast, to wing a shaft to slay him, although he may deserve to be slain, is cruel. It is only that sort of confession which comes of penitence and is voluntary which ought to be allowed to convict. And this sort of confession after it is allowed to convict ought to be allowed to mitigate punishment—because it is a virtue.

We can judge of the inducements to a confession in any given case only from circumstances.  If there be threats of harm or promises of favor, inflictions of pain or demonstrations of violence, then the confession is attributed to such influences ; but in the absence of all harmful influences we take the confession to be voluntary.

The facts that the defendant was a negro and that he was arrested in the night time by the officer and three white men who were joined on the way to the Magistrate, some mile distant, by at least four other white men, are calculated to excite some suspicion ; but they are capable of explanation and they are explained by the testimony, that there were "no threats or promises or violence."

Understanding these terms to be used in the broad sense that no harmful influence was brought to bear upon the defendant we must regard his confessions as voluntary ; and therefore admissible.

There is no error.  This will be certified, &c.

PER CURIAM.                         Judgment affirmed.