STATE v. STEPHEN EFLER..

*Juror—Challenge—Defendant, witness for himself—Declarations—Trial.*

1. On a trial for murder, a juror stated, in reply to the question whether he had formed and expressed an opinion as to the *guilt or innocence* of the prisoner, that he had, and the prisoner challenged him for cause; thereupon the court suggested to prisoner's counsel to ask the juror, whether the opinion expressed was that the prisoner is guilty, which counsel declined to do, and the challenge was disallowed : *Held* no error. In such case an opinion expressed constitutes good cause of challenge for that party only against whom the bias exists, and it is incumbent on him who challenges to show himself to be the party likely to be prejudiced.

2. Where the defendant in a criminal action avails himself of the act of 1881, ch. 110, and becomes a witness in his own behalf, he thereby subjects himself to all the disadvantages of that position, in the same manner as any other witness, and may be discredited by proof of his general bad moral character.

3. Whether the declarations of a prisoner are voluntary or induced by hope or fear, is a question of fact to be decided by the court below, whose finding is conclusive. And the mere fact of the prisoner's making them while under arrest, is not in law sufficient to exclude his declarations otherwise freely made.

4. Evidence was received without objection, and on the next day of the trial, a motion to strike it out upon the ground of irrelevancy was refused ; *Held* no error. It is matter within the discretionary power of the judge, and its exercise is not reviewable.

(*State* v. *Benton*, 2 Dev. & Bat., 196 ; *State* v. *Arthur*, 2 Dev., 217 ; *State* v. *Boswell, Ib.*, 209 ; *State* v. *O'Neale*, 4 Ired., 88 ; *State* v. *Dove*, 10 Ired., 469 ; *State* v. *Parks*, 3 Ired., 296 ; *Budlinger* v. *Marshall*, 70 N. C., 520; *State* v. *Vann*, 82 N. C., 631 ; *State* v. *Davis*, 63 N. C., 578 ; *State* v. *Jefferson*, 6 Ired., 305 ; *State* v. *Houston*, 76 N. C., 256 ; *State* v. *Cruse*, 74 N. C , 491, cited and approved.)

INDICTMENT for murder tried at Fall Term, 1881, of McDowell Superior Court, before *Seymour, J.*

The prisoner was charged with the killing of Peggie

Efler, his wife, on the 6th of January, 1881. The jury having found him guilty, he appealed from the judgment pronounced upon the verdict.

*Attorney General*, for the State.
*Mr. J. M. Gudger*, for the prisoner.

RUFFIN, J. Impressed as we were with the earnestness of counsel who argued this cause before us, and realizing the immense importance to the prisoner of the issues involved, we have bestowed upon them our most earnest consideration. Having done so, and detecting nothing, in the matters assigned as errors, which in our opinion entitle the prisoner to another trial, it is our duty so to declare.

The first error assigned is based upon the action of the court with reference to the juror, Hunter. As appears from the record the facts connected with that matter are as follows: When the juror was called, he was challenged *for cause* by the prisoner's counsel, and in response to a question whether he had formed and expressed an opinion as to the *guilt or innocence* of the prisoner, said, that he had. The counsel insisted that this constituted good cause of challenge, either principal or to the favor. His Honor held to the contrary, inasmuch as it did not appear that the opinion of the juror was unfavorable to the prisoner, but suggested to counsel to ask the juror directly whether he had formed and expressed the opinion that the prisoner was guilty. This the counsel declined to do, and excepting to the disallowance of his challenge for cause, peremptorily challenged the juror. When a full jury was procured, there had been only eleven peremptory challenges made on the part of the prisoner.

An opinion fully made up and expressed, touching that which is the subject matter of an action, whether civil or criminal, constitutes a good cause of principal challenge for that party only against whom the bias supposed to be crea-

ted by such a declaration operates, and it is therefore in-
cumbent on him who challenges, to show himself to be the
party likely to be prejudiced. *State v. Benton*, 2 Dev. & Bat.,
196. The prisoner had the opportunity by putting to the
juror the question suggested by the court, to ascertain cer-
tainly whether the preconceived opinion of the juror was
against himself, and failing to do so, his mere apprehension
that such might be the case, gave him no good cause of chal-
lenge. Apart from this, the prisoner sustained no injury
by the action of the court, admitting it to have been an er-
ror to disallow his challenge. He had the full benefit of a
trial by a jury free from all exception, and this is all that
the law intends to secure for him. The juror objected to,
was not forced upon him, and the peremptory challenge
used to get rid of him, was not needed for any other pur-
pose. *State* v. *Arthur*, 2 Dev., 217.

Second exception : The prisoner was examined as a wit-
ness in his own behalf, The state, for the purpose of dis-
crediting him as a witness, and for no other purpose, offered
evidence of his general bad character, and it was admitted
by the court though objected to.

The statute of 1881, ch. 110, §.2, provides that in the trial
of all indictments against persons charged with the com-
mission of crimes in the several courts of the state, the per-
son charged shall at his own request, but not otherwise, *be a*
*competent witness*, and the question is as to the effect upon
the rights of a defendant who sees proper to avail himself
of the privilege. In declaring him to be "a competent wit-
ness," we understand the statute to mean that he shall oc-
cupy the same position with any other witness, be under
the same obligation to tell the truth, entitled to the same
privileges, receive the same protection, and equally liable to
be impeached or discredited. Unless willing to become a
witness, he is invested with a presumption of innocence,
such as the law makes in favor of every person accused of

crime, and evidence cannot be offered to impeach his character, unless he voluntarily puts it in issue. But by availing himself of the statute, he assumes the position of a witness and subjects himself to all the disadvantages of that position, and his credibility is to be weighed and tested as that of any other witness.

This much seemed to be conceded by the counsel for the prisoner, but he insisted that the impeaching testimony should have been confined to an inquiry into the prisoner's general character for truth, and not permitted to extend to his *general moral character*, and for this position he cited us to the case of the *State* v. *Fletcher*, 49 Ind., 124. That case does draw the distinction suggested by counsel, but it proceeds, not at all upon any idea that a difference is to be made between a defendant who testifies for himself, and any other witness who might be examined in the cause; on the contrary, it distinctly recognizes the right of the prosecution, to impeach the testimony of the defendant, *as a witness,* by proof of his general character, to be the same as in the case of any other witness, and the inquiry was limited to the reputation of the defendant for veracity merely, because such was understood to be law in that state with reference to every witness.

In this state a different rule prevails, and has done so for a long series of years. In the case of the *State* v. *Boswell*, 2 Dev., 209, it is said that ever since the year 1804, it has been an established rule of practice in this state, to discredit a witness by making proof of his general bad moral character, and that the question need not be restricted to his reputation merely for veracity. That such continues to be the law of evidence as administered in the courts of this state, is shown by the following cases—*State* v. *O'Neale*, 4 Ired., 88; *State* v. *Dove*, 10 Ired., 469; *State* v. *Parks*, 3 Ired., 296—and as the prisoner assumed the character of a witness, he must needs come under the same law.

As was said in *Bullinger* v. *Marshall,* 70 N. C., 520, by the the late Chief Justice with reference to the statute by which parties to civil actions were made competent witnesses, we have to yield to the change made in the law of evidence, and without expressing any opinion as to its wisdom, to carry it out with all its corollaries.

The next exception was to the admission in evidence of certain declarations made by the prisoner on the evening of the coroner's inquest—he being then under arrest: When a tender of this evidence was made, the prisoner objected to its reception upon the ground that the declarations were made under circumstances of duress, and he was allowed to examine witnesses as to those circumstances. One witness testified that the declarations were made in a room next to that in which the inquest had been held, and in which there were at the time about a dozen persons including the prisoner's mother. That no inducements either of fear or hope were held out to the prisoner, but that he, the witness, sought the conversation with him. Another witness testified that there was a considerable crowd assembled about the place where the inquest had been held, and much excitement amongst them, and that something had been said in the crowd, though not in the presence or hearing of the prisoner, about mobbing him.

Upon this evidence the court found as a fact, that the declarations had been voluntarily made, free from the influence of any threats, promises, or duress, and admitted the evidence.

Whether the declarations of the prisoner were voluntary, or induced by hope or fear, was a question of fact to be decided by his Honor, and his finding in regard thereto is conclusive. *State* v. *Vann,* 82 N. C., 631; *State* v. *Davis,* 63 N. C., 578. And that the mere fact of his being under arrest at the time of making them, is not of itself, and as a legal conclusion, sufficient to exclude his declarations, otherwise

freely made, is the well established law of this state. *State* v. *Jefferson*, 6 Ired., 305 ; *State* v. *Houston*, 76 N. C., 256 ; *State* v. *Cruse*, 74 N. C., 491.

The last exception taken for the prisoner is thus stated in the case sent up : The alleged homicide occurred on Thursday night. When found, the deceased was lying on a bed with her neck broken, her shoulder dislocated, bruises on her abdomen, and an incised wound three inches long and one inch deep on the right shoulder ; she had on no under-clothing, but two wet garments were hung up in the room to dry. There was no blood found upon her person, save some in her mouth and nostrils. The theory of the state was that after slaying his wife, the prisoner washed her clothing and concealed the water used for that purpose under the house. In support of that theory, the state introduced a witness who testified that being at the house on the Saturday following the killing, she saw some pigs come from under the house with blood upon their noses. There was no objection made to this evidence at the time it was received, but on the next day the prisoner moved the court to strike it out as being irrelevant, which motion was refused. The evidence strikes us as being both pertinent and material. But conceding it to be as insisted upon for the defence, it was received without objection, and its reception cannot therefore be a just ground for exception. As for his Honor's refusal to strike it out on the next day when asked, we much doubt the legal propriety of such a course. Inadmissible evidence unless objected to or be forbidden by some positive law, may become competent evidence, so that the party offering it may acquire a right to it as such. But whether so or not (and we do not mean to determine the point) the motion to strike out the evidence thus received without objection, was certainly a matter addressed to the discretion of the judge, the exercise of which we have no power to review.

As before stated we find nothing in the case of which the prisoner can justly complain. He was tried by a jury fairly selected, and the law governing his case rightly administered.

No error.                                          Affirmed.