STATE v. C. A. TRAYLOR.

*Indictment for Forgery—Evidence of Character of Defendant.*

Where, in the trial of a criminal action, the defendant testifies in his own behalf and introduces no evidence as to his general character, but the State introduces evidence to show that such character is bad; *Held,* that such evidence by the State can be considered only as affecting the credibility of the defendant as a witness and not as a circumstance in determining the question of his guilt or innocence.

INDICTMENT for forgery of a promissory note, tried before *Hoke, J.,* and a jury at Fall Term, 1897, of UNION Superior Court. The defendant was convicted and appealed, assigning as error the refusal of his prayer for instruction that evidence as to his character could not be allowed to affect the question of his guilt or innocence but only his credibility as a witness, he having testified in his own behalf.

*Mr. Zeb V. Walser, Attorney General,* for the State.

*Messrs. Jones & Tillett* and *Osborne, Maxwell & Keerans,* for defendant (appellant).

MONTGOMERY, J.:  The defendant, McGee, who had entered a plea of guilty to the indictment charging him and the other defendant, Traylor, with the forgery of a promissory note, on his examination as a witness for the State, testified that he and Traylor committed the forgery and that they also, at and about the same time, obtained money from various persons by means of false pretences.  There was other evidence tending to show that at the time the note was forged, and before, the defendants were engaged "in an illegal combination to cheat parties by sale of a patent right and by taking notes absolute in form but to which there was attached a collateral condition, and putting the notes into the hands of innocent purchasers before due."  Traylor was introduced as a witness in his own behalf and testified that he knew nothing of any design on McGee's part to cheat any one, and thought McGee had a right to sell the patent; that he knew nothing about the forgery at the time it was committed, nor had he ever heard of it until he was arrested upon the charge of having committed it.  He introduced no evidence as to his character.  The State, however, in reply introduced evidence going to show that the general character of the defendant, Traylor, was bad.  The counsel of defendant requested his Honor to charge the jury that the evidence as to the defendant's character should only affect his credibility as a witness, and should not be considered in any other light.  The Court refused to give the instruction but, instead, charged the jury that the evidence of the defendant's bad character offered by the State could properly be considered by them as a circumstance in determining the question of the guilt or innocence of the defendant Traylor upon the charge set forth in the bill of indict-

ment.   The Act of 1881, Chapter 110 (*Code*, Section 1353) gave to defendants the right and privilege in all criminal indictments, complaints and other proceedings, at their own request but not otherwise, to be competent witnesses.   Before the passage of that Act, the State could not impeach the character of a defendant unless the defendant himself opened the way by offering through the testimony of witnesses evidence of his general character.   Has the rule been altered since the Act of 1881?   If a defendant introduces himself as a witness he can be impeached as any other witness can be, no doubt.   But can the evidence of his general bad character be allowed to affect him as a defendant?   Can it affect him except as to his credibility as a witness?

The first case in which the Statute of 1881, was discussed is that of *State* v. *Efler*, 85 N. C., 585.   There, the defendant was examined in his own behalf and the State, for the purpose of discrediting him as a witness and for no other purpose, offered testimony of his general bad character and it was admitted by the Court below for that purpose alone. The Court said: "In declaring him to be 'a competent witness' we understand the Statute to mean that he shall occupy the same position with any other witness, be under obligation to tell the truth, entitled to the same privileges, receive the same protection, and equally liable to be impeached or discredited.   .   .   .   .   But by availing himself of the Statute he assumes the position of a witness and subjects himself to all the disadvantages of that position, and his credibility is to be weighed and tested as that of any other witness."

In *State* v. *Thomas*, 98 N. C., 559, Chief Justice Smith, in delivering the opinion of the Court, after reciting the law as declared in *State* v. *Efler*, *supra*, and commenting upon the position which a defendant occupies who takes the stand as a witness for himself, said: "This results from the necessity of ascertaining the value and weight to be given to his testi-

mony by the jury; and it is certainly a material inquiry whether the witness is entitled to credit and deserving their confidence in the truthfulness of his statements."

The decisions in these cases are not an express adjudication upon the question raised in this case, but we think they impliedly decide the question. We are of opinion that his Honor ought to have given the charge as requested and that there was error in his refusal to do so.

New trial.