STATE v. JOHN FOGLEMAN.

(Filed 5 November, 1913.)

1. Court's Discretion—Witnesses Recalled—Appeal and Error.

Where a witness in an action has been examined and cross-examined, it is within the discretion of the trial judge to permit his recall at the request of one of the parties, and his refusal to do so is not reviewable on appeal.

2. Homicide—Outside Influences—Appeals to Feelings—Trials—Instructions.

Where upon the trial for murder the circumstances warrant it, it is not error for the judge to instruct the jury that the father and mother of the prisoner had a right to be in court, but that the jury should not consider them, it appearing from his further charge that this instruction was to eliminate any appeals to the feelings of the jury in their behalf, in making up their verdict.

3. Trials—Statement of Contentions—Objections—Appeal and Error—Practice.

An incorrect statement by the trial judge of a contention of the appellant will not be held for error when it does not appear that his counsel called it to the attention of the court at the time and that the judge failed or refused to make the proper correction.

4. Homicide—Facts at Issue—Evidence—Killing by Another.

The question at issue upon a trial for murder, where the killing is denied by the prisoner, is whether the prisoner killed the deceased as alleged, and it is not allowable to show by circumstances or insinuations that some one else had done so.

S. *v.* FOGLEMAN.

**5. Homicide—Witnesses—Father and Mother—Weight of Evidence —Trial—Instructions.**

Where upon a trial for murder the father and mother of the prisoner have testified in his behalf, an instruction to the jury is proper that they may consider the relationship, partiality, and the effect of the prisoner's conviction on the witnesses, and then to ascertain what influence that would have on the truthfulness of their evidence, and to ascertain, under all the circumstances, the weight this testimony should be given.

**6. Homicide—Murder—Defendant a Witness—Trials—Instructions— Weight of Evidence.**

Where upon a trial for murder the prisoner has testified in his own behalf, it is not error for the judge to comment upon the history of such evidence before 1881, when it was inadmissible, and afterwards, it appearing that he immediately thereafter correctly charged as to the scrutiny testimony of this character should be subjected to by them, and that after considering it the jury should determine, as best they could, his interest in the result, and then to give his testimony that weight and effect which, under all the circumstances, they thought it entitled to; and should they believe the prisoner told the truth, it was their duty to give "his testimony the same weight and effect you would give to the testimony of any disinterested witness."

WALKER, J., concurring in result; BROWN, J., concurs in concurring opinion.

APPEAL by defendant from *Lane, J.,* at July Term, 1913, of FORSYTH.

*Attorney-General Bickett for the State.*
*John A. Barringer and W. P. Bynum for prisoner.*

CLARK, C. J.  The defendant was convicted of murder in the second degree. The homicide occurred in Greensboro on the night of 9 April, 1913. The deceased and the prisoner had been drinking, and just before the homicide were arguing and tussling. The deceased was crossing the street near an electric light, the prisoner following closely behind, when, as several testified, the latter, taking a pistol from his right-hand pocket, fired it at the deceased, who walked on a few steps and fell. This the prisoner denied. The wound was on the left side of the head, near

S. v. FOGLEMAN.

the back. The prisoner was engaged in business in the city, and the officers being unable to find him the next morning, went out to his father's house, about 6 miles from town, and found him in the woods about 300 or 400 yards from the house. He had a bedquilt and overcoat with him and was getting up from the quilt. This was between 11 and 12 o'clock. The prisoner testi-fied that he was near the place of the homicide at the time of the shooting, and heard the shot, but denied that he fired it. He admitted that he had been indicted several times for retail-ing; that the shooting took place about ten days after the last trial, and a number of such cases were still pending against him. There was evidence tending to show that the deceased was sup-posed to be a detective.

The first exception is that after a witness had been examined by the State and cross-examined, and then again examined by the State and stood aside, the counsel for the prisoner asked per-mission to examine the witness on matters which had already been gone into by counsel on both sides, and the court "declined to allow the question, as a matter of discretion." This was in the discretion of the court. *S. v. Groves,* 119 N. C., 822; *S. v. Jimmerson,* 118 N. C., 1173; *Sutton v. Walters, ib.,* 495; *Olive v. Olive,* 95 N. C., 486; *Pain v. Pain,* 80 N. C., 322.

In the latest case, *In re Abee,* 146 N. C., 273, the Court said that the recalling of witnesses for further examination is a mat-ter resting in the discretion of the trial judge, and is not subject to review.

The prisoner excepted to the following charge: "The pris-oner's mother and father had a perfect right to come in the courthouse and manifest an interest in his defense. But you have no right, in making up your verdict, to take them into con-sideration at all." This, however, must be read in connection with the context. The court just before this had said: "The wife of the deceased has been before you as an exhibit, and the mother and father of the prisoner have been before you all they could, and appeals have been made to you to take into consid-eration their feelings in making out your verdict, and the effect it would have upon them. Mrs. Tucker (the wife of the de-

ceased) had a perfect right to come into the courthouse and manifest an interest in this prosecution." And just after the paragraph above excepted to, the court said: "You are sworn to decide this case according to the evidence, and not according to sympathy or feeling for anybody at all."

The court was not referring to the testimony which had been given by the father and mother of the prisoner, but was properly warning the jury against being influenced in their verdict by sympathy for either side. As *Chief Justice Merrimon* said, the "judge is not a mere moderator, but he is an integral and essential part of the court, and should see that justice is impartially administered."

Exception 3 is because the judge stated one of the contentions of the prisoner's counsel. It does not appear from the case on appeal that this was an incorrect statement or that it prejudiced the prisoner, but it has been held that if the court does not correctly state such contention, it is the duty of counsel at the time to call the matter to the attention of the court or it will not be considered on appeal. *Jeffress v. R. R.,* 158 N. C., 215; *S. v. Cox,* 153 N. C., 638.

Exception 4 is to the following charge: "It is not allowable when one man is charged with a crime to show by circumstances or insinuations that some one else killed deceased." The charge was correct. It is not a question of some one else killing him, but whether the prisoner killed the deceased or not.

In *S. v. Lambert,* 93 N. C., 623, it was held that evidence cannot be admitted to show that a third party had malice to the deceased, a motive to take his life, opportunity to do so, and had threatened to do so. In that case *S. v. Davis,* 77 N. C., 483, to the same effect is quoted.

The prisoner further excepts because the court charged the jury: "When you come to consider the testimony of his father and mother, it is your duty to consider their relationship to him, their partiality to him, and the effect that it would have on them to have him convicted; and then ascertain as best you can what influence that would have upon the truthfulness of

their testimony, and then give to the testimony of each one that weight and effect which under all the circumstances you think he is entitled." ·

We find no error in this instruction. It calls fairly to the attention of the jury the attendant circumstances which might bias their testimony, and left the jury to judge what weight and effect they should give it.

The last exception is that the court charged the jury: "When you come to consider the testimony of the prisoner, you must remember that prior to 1881 the law did not regard the testimony of a man charged with a crime as fit to go before the jury, but they found that there were some very hard cases, and in order to obviate any trouble of that sort, in 1881, the Legislature very properly passed a law allowing anybody charged with a crime, even though a conviction would forfeit his life, to go upon the witness stand and testify in his own behalf." This was merely the history of the legislation on this subject, and the court added immediately, "but at the same time the law imposes upon the jurors the duty of carefully scrutinizing his testimony and, after considering it, to determine as best they can what influence his interest in the result of the prosecution will have upon his testimony, and then give to his testimony that weight and effect which under all the circumstances you and your conscience think it is entitled to. If you think he told the truth, it is your duty to give to his testimony the same weight and effect you would to the testimony of any disinterested witness." This instruction is correct. *S. v. Byers,* 100 N. C., 512, and cases there cited and citations to that case, in Anno. Ed.

No error.

WALKER, J., concurring in the result: I think the opinion of the Court in this case states the correct rule with respect to the credit a jury should give to a witness likely to be biased by his interest in the cause or his relation to it or to the parties, when it says: "The prisoner further excepts because the court charged the jury: 'When you come to consider the testimony of his

father and mother, it is your duty to consider their relationship to him, their partiality to him, and the effect that it would have on them to have him convicted; and then ascertain as best you can what influence that would have upon the truthfulness of their testimony, and then give to the testimony of each one that weight and effect which under all the circumstances you think he is entitled.' We find no error in this instruction. It calls fairly to the attention of the jury the attendant circumstances which might bias their testimony and left the jury to judge what weight and effect they should give it." This, as I understand the law, and have always understood it, is substantially the correct rule. It provides against undue influence upon the jury by bias, and, at the same time, gives to the testimony of the interested witness its proper weight, if not thus influenced, and also subjects it to further examination and scrutiny by the jury, as regards any other circumstance, such as character, demeanor, opportunity for knowledge, and so forth, which may be calculated to strengthen or weaken it, so that finally the jury, upon full consideration of them all, may intelligently consider the testimony and extract the truth from it. I also concur in this statement, when referring to the defendant's own testimony: "The law imposes upon the jurors the duty of carefully scrutinizing his testimony, and, after considering it, to determine as best they can what influence his interest in the result of the prosecution will have upon his testimony, and then give to his testimony that weight and effect which under all the circumstances you and your conscience think it is entitled to." I do not assent to the qualification of it in these words: "If you think he told the truth, it is your duty to give to his testimony the same weight and effect you would to the testimony of any disinterested witness." If the jury find that a witness has told the truth, they should, of course, decide according to his testimony, without the necessity of any comparison with others. The truth is what they are required to find. If it is meant that if they find that the witness was not influenced by his natural bias, they should give his testimony the same weight and effect as the testimony of the other witnesses who are disinterested and

impartial (and that is what I suppose is meant), it is clearly erroneous, because, his bias removed, the interested witness may still not be entitled to the same weight as the others, as they, by their greater intelligence, knowledge of the facts, demeanor in the witness box; and so forth, may have entitled themselves to the greater confidence of the jury and their testimony to greater weight.

We had better follow the long line of precedents established by this Court throughout many years, and adopt the first rule stated in the opinion, without the added qualification. *S. v. Nash*, 30 N. C., 35; *S. v. Nat*, 51 N. C., 114; *Flynt v: Bodenhamer*, 80 N. C., 205; *S. v. Byers*, 100 N. C., 512; *Hill v. Sprinkle*, 76 N. C., 353; *S. v. Vann*, 162 N. C., 534; *S. v. Graham*, 133 N. C., 652; *Herndon v. R. R.*, 162 N. C., 317, and numerous other cases decided by us to the same effect.

The qualification of the rule, though, as made by the court below, was in favor of the defendant, and he, therefore, cannot complain.

BROWN, J., concurs in this opinion.