D. McN. RAY ET AL. v. G. B. PATTERSON ET AL.

(Filed 13 May, 1914.)

**Trials—Fraud—Instructions—Prejudice—Issues—Appeal and Error.**
Where a deed absolute on its face is alleged to have been obtained by threats and undue influence, and the plaintiffs contend that it should have been a mortgage, it is reversible error for the trial court, in instructing the jury, to tell them that if the plaintiffs' contention be true it would stigmatize the defendants as being guilty of a "base and dirty fraud," for such would probably bias the jury in passing upon the issues; and it is further held for error that the judge refused to submit the issues tendered by the plaintiff in this case, which are approved.

RAY *v.* PATTERSON.

APPEAL by plaintiffs from *Rountree, J.,* at January Term, 1914, of HOKE.

*Broadfoot & Broadfoot, Herring & Oates, V. C. Bullard, Mc-Neill & McNeill for plaintiffs.*

*Sinclair & Dye and McLean, Varser & McLean for defendants.*

CLARK, C. J. "The plaintiffs contend that the defendants by threats or undue influence, or both, obtained from them a deed for all the land (with certain exceptions), whereas it was intended and understood by them that the instrument was to be, not a deed, but a mortgage; that if the deed is sustained they will lose the land without opportunity of redemption, and if the land is worth more now than it was then, they will lose the difference, and indeed that they will lose its whole value." After thus instructing the jury, the court added: "It is important to the defendants, and both of them, because if this contention be true, it is an attempt to stigmatize them as being guilty of a base and dirty fraud." To this the plaintiffs excepted, and we think this is sufficient to entitle them to a new trial.

The defendants are people of prominence and standing in the community, one of them indeed having served with credit in a high public position, and to tell the jury at the outset that if their verdict should be against the defendants it would "stigmatize them as being guilty of a base and dirty fraud" was to throw into the jury box a consideration which might well bias them in the impartial consideration of their verdict. The court in effect told them that if the verdict went against the plaintiffs, they might lose the land in controversy. But that if it went against the defendants, they would lose their character, for such verdict would stigmatize them as being guilty of a base and dirty fraud. Such would not be the necessary result, and if it would, this effect should not have been impressed on the jury. On the contrary, they should have been told, rather, that such considerations should not bias their judgment in finding the truth as to the matters submitted to them.

165—33

There are a large number of exceptions, but as the case must go back, we do not deem it necessary to consider them in detail. Many of the grounds of exception may not be presented on another trial. We will note, however, the exceptions to the issues. The issues submitted were:

"1. Did the defendants, J. L. McMillan and G. B. Patterson, fraudulently procure from the plaintiffs an absolute deed (Exhibit D) by representing and agreeing that such deed should only operate as a mortgage, as alleged in the complaint.?

"2. Was it understood and agreed that the deed (Exhibit D), in form an absolute deed, should only operate as a mortgage for the security of money advanced by the defendants to the plaintiffs for the purpose of taking up the previous mortgages?"

The plaintiffs excepted to these issues, and also excepted to the refusal to submit the following issues:

"1. Did the defendants procure the execution of the deed described as Exhibit D, and in form a fee-simple deed, by the promise that they would hold the land therein described as security for the sums advanced in taking up certain mortgages described in the pleadings, with the further promise that they would reconvey said lands to the plaintiffs on payment of said debt secured by the mortgage?

"2. Did the defendant Walter McMillan procure from the plaintiff D. McN. Ray the execution of the deed to his wife described as Exhibit E, upon the consideration of services rendered him in inducing the defendants, G. B. Patterson and J. L. McMillan, to take up the mortgages described in the pleadings?

"3. What was the value of the land described in Exhibits D and E at the time of the execution of the deeds therefor set out in the pleadings?

"4. Were the defendants, J. L. McMillan and G. B. Patterson, the owners of the notes and mortgages set out in the pleadings at the date of the execution of the deed to them by W. H. Ray and D. McN. Ray, described as Exhibit D in the pleadings?"

These issues were necessary for the proper consideration of the contentions set out in the pleadings. There was error in refusing them and in submitting the issues in the record.

Error.