STATE v. BENNIE GRIFFIN.

(Filed 28 October, 1931.)

**1. Homicide G a—Evidence of guilt of murder in the first degree held sufficient to be submitted to the jury.**

Where in a prosecution for murder there is evidence tending to show that the defendant and three others went to the home of the deceased in a borrowed car to get some whiskey, that, instead of paying for the whiskey, the defendant told the deceased to "get to the bushes" and shot him twice, inflicting injuries resulting in death, that after shooting the deceased the defendant, in answer to a question from one of his companions as to why he had done so, said "S. O. B. ought to be dead, he didn't have any liquor," with further evidence that the gun with which the murder was committed had been bought by one of the "gang" for use in "high-jacking and taking folks' liquor," is *Held:* sufficient evidence of premeditation and deliberation to take the case to the jury on the capital felony of murder in the first degree.

**2. Criminal Law G j—Where the defendant testifies in his own defense he is subject to cross-examination as other witnesses.**

Where a defendant in a criminal prosecution testifies in his own behalf he waives his constitutional privilege not to answer questions tending to incriminate him and is subject to cross-examination for the purpose of impeaching his credibility as other witnesses, C. S., 1799, and on a prosecution for murder it is competent to ask the defendant on cross-examination whether he did not kill another with the same pistol with which he shot the deceased, it being admitted that the same pistol was found in room after the second shooting.

APPEAL by defendant from *Frizzelle, J.,* at June Term, 1931, of ORANGE.

Criminal prosecution tried upon an indictment charging the defendant with the murder of one McIver Trice.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Gates & Thompson for defendant.*

STACY, C. J. At the June Term, 1931, Orange Superior Court, the defendant herein, Bennie Griffin, was tried upon an indictment charging him with the murder of McIver Trice, which resulted in a conviction and sentence of death. He was allowed to appeal *in forma pauperis.*

It appears from the record that on 15 May, 1931, the prisoner and two others, Henry Rainey and Gyp Riley, borrowed an automobile from Tim Wilcox in Durham and drove out to the home of McIver Trice in Orange County to get some liquor. Instead of paying for the liquor, which belonged to Major Trice, the defendant told the deceased to "get to the bushes," and shot him twice, inflicting wounds from which he died the following morning. After shooting the deceased, the prisoner jumped into the automobile and said to his companion, who was driving the car, "get the hell out of here." One of the occupants of the car later inquired: "What did you shoot that fellow for, Bennie? Defendant replied: "S. O. B. ought to be dead, he didn't have any liquor."

In accounting for the possession of the pistol, the prisoner testified on cross-examination: "The gun belonged to all three of us. We bought the gun for the purpose of high-jacking and taking folks' liquor and things. Gyp said we needed a gun in the gang and he bought the pistol. . . . This is not my gun, but the gun that was bought for the gang."

The principal question presented by the appeal is whether there is sufficient, competent evidence of premeditation and deliberation to carry the case to the jury on the capital felony of murder in the first degree. We think there is. *S. v. Evans,* 198 N. C., 82, 150 S. E., 678, and cases there cited.

The prisoner was asked by the solicitor on cross-examination if he did not kill Katherine Mangum with the same pistol he shot the deceased. Objection; overruled; exception. His answer was: "No sir, I did not." It was admitted that the same pistol was found in Katherine Mangum's room after she was shot. The exception is without merit. *S. v. Maslin,* 195 N. C., 537; *S. v. Jeffreys,* 192 N. C., 318; *S. v. Spencer,* 185 N. C., 765.

It is provided by C. S., 1799, that a defendant on trial in this jurisdiction, charged with a criminal offense, is, at his own request, but not otherwise, a competent witness to testify in his own behalf, but every such person examined as a witness "shall be subject to cross-examination as other witnesses," and he waives his constitutional privilege not to answer questions tending to incriminate him. *S. v. Simonds,* 154 N. C.,

197, 69 S. E., 790; *S. v. Allen,* 107 N. C., 805, 11 S. E., 1016. He may be asked impeaching questions. *S. v. Thomas,* 98 N. C., 599, 4 S. E., 518; *S. v. Lawhorn,* 88 N. C., 634. And whether he has not been convicted of offenses calculated to affect his standing as a witness. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Garrett,* 44 N. C., 357; *S. v. Patterson,* 24 N. C., 346. "By availing himself of the statute he assumes the position of a witness and subjects himself to all the disadvantages of that position, and his credibility is to be weighed and tested as that of any other witness."—*Ruffin, J.,* in *S. v. Efler,* 85 N. C., 585.

In no view of the evidence could the trial court have granted the prisoner's motion for judgment as in case of nonsuit. C. S., 4643. The verdict and judgment will be upheld.

No error.