STATE v. HAYNES WILCOX.

(Filed 20 June, 1934.)

**Criminal Law G j—Weight and credibility to be given testimony of defendant testifying in own behalf.**

　A defendant in a criminal action was made competent to testify in his own behalf by chapter 110, Public Laws of 1881 (N. C. Code, 1799), and while the interpretations of the statute require his testimony to be scrutinized, it is the province of the jury to determine from his demeanor and the attending circumstances the weight which they will accord his testimony, and a charge of the court that "the law presumes" that he is naturally laboring under the temptation to testify to whatever he thinks may be necessary to clear himself and that the jury should take into consideration what a conviction would mean to defendant, etc., *is held* to impose a burden and cast a shadow upon his testimony greater than the law requires and to constitute reversible error.

SCHENCK, J., took no part in the consideration or decision of this case.

CRIMINAL ACTION, before *Sinclair, J.,* at December Term, 1933, of ROBESON.

A warrant was issued for the defendant in the recorder's court of Lumberton, charging him with possessing and transporting liquor. Upon conviction in the recorder's court he appealed to the Superior Court and was again convicted. The evidence for the State tended to show that the defendant Wilcox had a half-gallon of liquor in his car and that the back seat was wet and smelled like liquor, and that some hay in the car was also wet and carried the odor of whiskey.

The defendant was a witness in his own behalf and testified that some colored men got into his car with his consent to ride to town, and that if any whiskey was in the car it belonged to these men.

The jury found the defendant guilty of possession and from judgment assigning him to work upon the public roads for a period of six months, he appealed.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*
*E. J. and L. J. Britt and McLean & Stacy for defendant.*

BROGDEN, J. If a defendant in a criminal action voluntarily testifies in his own behalf, does the law "presume when a man is being tried for crime, that he is naturally laboring under a temptation to testify to whatever he thinks may be necessary to clear himself of the charge," and in scrutinizing his testimony in order to determine its credibility and weight, must the jury take "into consideration what a conviction would mean to him and the temptation under which he labors to swear to whatever he thinks is necessary to clear himself?"

The trial judge charged the jury as follows:

"Another rule of law it is your duty to apply in this case as you do in all criminal cases, that is, that you are to scrutinize the evidence of the defendant before accepting his evidence as true. The law says it is the duty of a jury in a criminal case to scrutinize the evidence of a defendant and all his close relations before accepting his evidence as true. There is reason for that, just as you will find reason for everything in the law if you take the trouble to inquire into it. The law is founded upon common sense and human experience, for that reason the law presumes that men's natures are weak and subject to temptation, and the law presumes when a man is being tried for crime that he is naturally laboring under a temptation to testify to whatever he thinks may be necessary to clear himself of the charge. For that reason it becomes your duty to scrutinize the evidence of the defendant, taking into consideration what a conviction would mean to him and the temptation under which he labors to swear to whatever he thinks is necessary

to clear himself. It is to his interest in the case and his temptation to try to avoid a verdict against himself. If, after scrutinizing the testimony of defendant, taking into consideration the temptation under which he labors, natural wish to clear himself of the charge, and then find his testimony is true, it would be your duty to give it the same weight as you would give a disinterested witness."

The common law regarded the testimony of a defendant in criminal actions as incompetent upon the theory, among others, that the frailty of human nature and the overpowering desire for freedom would ordinarily induce a person charged with crime, if permitted to testify, to swear falsely. It could not conceive of a person "that sweareth to his own hurt and changeth not." Psalms 15:4. This idea of excluding the testimony of defendants in criminal actions prevailed in this State until 1881, when the Legislature enacted chapter 110, Public Laws of 1881, now C. S., 1799, Michie's Code. This statute was first construed by the Supreme Court in *S. v. Efler,* 85 N. C., 585. The Court said: "The statute of 1881, chap. 110, sec. 2, provides that in the trial of all indictments against persons charged with the commission of crimes in the several courts of the State, the person charged shall 'at his own request, but not otherwise,' *be a competent witness,* and the question is as to the effect upon the rights of a defendant who sees proper to avail himself of the privilege. In declaring him to be 'a competent witness' we understand the statute to mean that he shall occupy the same position with any other witness, be under the same obligation to tell the truth, entitled to the same privileges, receive the same protection, and equally liable to be impeached or discredited. Unless willing to become a witness, he is invested with a presumption of innocence such as the law makes in favor of every person accused of crime, and evidence cannot be offered to impeach his character unless he voluntarily puts it in issue. But by availing himself of the statute he assumes the position of a witness and subjects himself to all the disadvantages of that position, and his credibility is to be weighed and tested as that of any other witness." This Court, speaking through *S. v. Thomas,* 98 N. C., 599, 4 S. E., 518, said: "A person charged with crime may, 'at his own request but not otherwise' become a witness on his own behalf upon the trial, and his failure to claim the privilege and offer his own testimony, is not permitted to become the subject of comment to his prejudice by counsel for the prosecution. He is, when he chooses to testify, bound to disclose all he knows, whether criminating or disparaging to himself, as does an ordinary witness when testifying on matters of which he might claim the privilege of being silent, binds himself to tell the whole truth and all that he knows of the transaction, to part of which only he has testified." See, also, *S. v. Spurling,* 118 N. C., 1250, 24 S. E., 533; *S. v. Traylor,* 121 N. C., 674, 28 S. E., 493; *S. v. O'Neal,* 187

N. C., 22, 120 S. E., 817. The accepted standard for measuring the testimony of a defendant is prescribed in *S. v. Lee,* 121 N. C., 544, 28 S. E., 552, and is as follows: "The law regards with suspicion the testimony of near relations, interested parties, and those testifying in their own behalf. It is the province of the jury to consider and decide the weight due to such testimony, and, as a general rule in deciding on the credit of witnesses on both sides, they ought to look to the deportment of the witnesses, their capacity and opportunity to testify in relation to the transaction, and the relation in which the witness stands to the party; that such evidence must be taken with some degree of allowances and should not be given the weight of the evidence of disinterested witnesses, but the rule does not reject or necessarily impeach it; and if, from the testimony, or from it and the other facts and circumstances in the case, the jury believe that such witnesses have sworn the truth, then they are entitled to as full credit as any other witness."

Manifestly, the inadvertent use of the expression "the law presumes," etc., imposed a burden and cast a shadow upon the testimony of the defendant, which is not warranted by the interpretation of the statute heretofore given by the courts. See *Dunbar v. State,* 85 A. L. R., p. 523, *et seq.*

New trial.

SCHENCK, J., took no part in the consideration or decision of this case.