STATE v. JAMES BUCHANAN CARDEN.

(Filed 1 January, 1935.)

**Criminal Law G j—Law does not presume that defendant testifying in own behalf labors under temptation to testify falsely.**

While it is proper in a criminal prosecution for the court to charge that the jury should scrutinize the testimony of a defendant testifying in his own behalf, it is error for the court to charge that the law presumes the defendant is laboring under a temptation to testify to whatever he thinks will clear him of the charge, whether the defendant is so tempted and whether he yields to such temptation being for the determination of the jury.

APPEAL by defendant from *Sinclair, J.,* at May Term, 1934, of DURHAM. New trial.

The defendant was tried upon a bill of indictment charging him with the murder of his wife, Vera Carden, and was convicted of murder in the first degree. From judgment of death by electrocution defendant appealed to the Supreme Court, assigning errors.

*R. O. Everett and A. R. Wilson for defendant.*
*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

SCHENCK, J. The State contended that the defendant, with deliberation and premeditation, shot and killed the deceased. The defendant, while admitting that the deceased was shot by his pistol, contended that the shooting was accidental. The State offered evidence tending to establish its contentions; and the defendant, as a witness in his own behalf, testified to the effect that the deceased was shot in a struggle with the defendant in an effort to keep him from taking his pistol with him for the avowed purpose of "getting" certain people who had stolen his money.

The following excerpt taken from the charge forms the basis of one of the defendant's exceptive assignments of error: "Another rule of law, it is your duty to apply in this case, is, as you do in all criminal cases, it is your duty to scrutinize the evidence of a defendant and all his close relations before accepting their evidence as true. There is a reason for that, gentlemen, just as you will find a reason founded on common sense and human experience for all rules of law. The reason for that rule of law is that the law recognizes the fact that human nature is frail and weak, and the law presumes that when a man is being tried for a crime, that he is laboring under a natural temptation to testify to whatever he

thinks may clear himself of the charge, and for that reason it is your duty to scrutinize the evidence of the defendant in this case, and all his close relations, on account of the temptation they have to secure his release from this charge, before accepting the testimony as true.   After scrutinizing the testimony and taking into consideration the interest they have in your verdict, the temptation under which they are laboring, if you find then that their testimony is entitled to belief, it will be your duty to give it the same weight you would that of any disinterested witness."

This charge is in practically the same words as that given in *S. v. Haynes Wilcox*, 206 N. C., 691, which we held for error, and, in conformity with that holding, we think entitles the defendant to a new trial. While the law may require the jury to scrutinize the testimony of a defendant in the light of his interest in the verdict, we cannot agree that "the law presumes" that the defendant is laboring under a temptation to testify to whatever he thinks will clear him of the charge.   Whether the defendant has such temptation, and whether he yields to such temptation and thereby testifies falsely, must be determined by the jury from hearing the evidence and observing the witness, and not by legal presumption.

It should be said in justice to the learned judge who tried the case that the opinion in *S. v. Haynes Wilcox, supra,* was not rendered until after the trial of the instant case.

New trial.