STATE v. CHIRNER DEE, MAGGIE DEE, AND J. R. STURGIS.

(Filed 30 November, 1938.)

1. **Criminal Law § 41f—Defendant testifying in own behalf is entitled to same credit as any other witness when jury finds him worthy of belief.**

A defendant in a criminal prosecution, at his own request and not otherwise, is a competent witness to testify in his own behalf, but his failure to testify is not subject to comment to his prejudice, and while it is proper for the court to instruct the jury to scrutinize his testimony because of his interest in the verdict, it is error for the court to fail to follow such instruction with a charge that if after such scrutiny the jury finds him worthy of belief they should give his testimony as full credit as they would any other witness. C. S., 1799.

2. **Same: Criminal Law § 81c—Instruction that defendant's testimony should be given same credit as that of any interested witness is error.**

An instruction that the jury should scrutinize defendant's testimony in his own behalf because of his interest in the verdict, but if after doing so they were satisfied he told the truth, they should give his testimony the same weight they would give that of any "interested witness," perforce impeaches the testimony of defendant contrary to the statute, C. S., 1799, and the pertinent decisions, and constitutes prejudicial error.

3. **Criminal Law §§ 73b, 77e—When the solicitor approves defendant's statement it becomes "case on appeal" and is not subject to correction.**

When the solicitor approves defendant's statement of the case it becomes the "case on appeal" and a part of the record, C. S., 643, and is not thereafter subject to correction, and the State's motion for *certiorari* for

correction of the record may not be allowed even when supported by a letter of the trial court supporting the State's contention of a typographical error in the case on appeal, since the rights of the defendants have intervened.

**4. Criminal Law § 77d—**

The record imports verity, and the Supreme Court is bound thereby.

APPEAL by defendants from *Burgwyn, Special Judge,* at March Term, 1938, of GASTON.

Criminal prosecution tried upon indictments charging the defendants Chirner Dee and J. R. Sturgis with the murder of one Hoke Davis, and the defendant Maggie Dee with being an accessory after the fact of murder.

At the conclusion of all the evidence, upon motion duly made, a verdict of not guilty was entered on the charge against the *feme* defendant.

Verdict on the charge of murder: "Guilty of murder in the first degree as to both defendants."

Judgment: Death by asphyxiation.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*Ernest R. Warren for defendant Sturgis.*
*Basil L. Whitener for defendant Dee.*

STACY, C. J. The validity of the trial is called in question by numerous exceptions and assignments of error, but consideration of them *seriatim* is pretermitted, as a new trial must be awarded for error in the following instruction:

"The defendants in this case, gentlemen of the jury, have gone upon the stand. This they did not have to do, but this they did do at their election and the law of this State says when a man—that is, the defendant—goes upon the stand, you, the jury, should scan and scrutinize his testimony closely, having in mind his interest in the result of your verdict and his fear of possible conviction and probable punishment thereafter, (but if after having so scanned it, you are satisfied he told you the truth, you should give unto his testimony the same weight you would that of any interested witness)."

Exception is taken by each of the defendants to the concluding expression in parenthesis, which would seem to be well founded. *S. v. Carden,* 207 N. C., 517, 177 S. E., 647; *S. v. Wilcox,* 206 N. C., 691, 175 S. E., 122; *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388. *Cf. S. v. Davis,* 209 N. C., 242, 183 S. E., 420; *S. v. Deal,* 207 N. C., 448, 177 S. E., 332.

It is provided by C. S., 1799 that a person charged with the commission of a crime shall, at his own request but not otherwise, be a competent witness to testify in his own behalf upon the trial of the cause, but his failure to claim the privilege and to offer his own testimony is not permitted to become the subject of comment to his prejudice by the solicitor or counsel for the prosecution. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Tucker,* 190 N. C., 708, 130 S. E., 720; *S. v. Bynum,* 175 N. C., 777, 95 S. E., 101.

And further, the decisions are to the effect that where a defendant in a criminal prosecution testifies in his own behalf, it is error for the trial court to instruct the jury to scrutinize his testimony and to receive it with grains of allowance, because of his interest in the verdict, without adding that if they find the witness worthy of belief, they shall give as full credit to his testimony as to that of any other witness, notwithstanding his interest. *S. v. Ray,* 195 N. C., 619, 143 S. E., 143; *S. v. Green,* 187 N. C., 466, 122 S. E., 178; *S. v. Barnhill,* 186 N. C., 446, 119 S. E., 894; *S. v. Lance,* 166 N. C., 411, 81 S. E., 1092; *S. v. Fogleman,* 164 N. C., 458, 79 S. E., 879; *S. v. Graham,* 133 N. C., 645, 45 S. E., 514; *S. v. Byers,* 100 N. C., 512, 6 S. E., 420.

In *S. v. Green, supra,* the following instruction was approved: "It is the law of North Carolina, gentlemen, that when a defendant, or one interested in the verdict of a jury, testifies, it is the duty of the jury to take his testimony with a grain of allowance and carefully scrutinize and scan it; but if, after such scrutiny, you are satisfied he is telling the truth, then it would be your duty to give his testimony the same credibility that you would give the testimony of a disinterested witness. Credibility, gentlemen of the jury, means worthiness of belief."

In declaring a person charged with the commission of crime to be "a competent witness" we understand the section to mean that he shall occupy the same position as "any other witness"—not simply that of "any interested witness." Such was the holding in *S. v. Efler,* 85 N. C., 585; *S. v. Hawkins,* 115 N. C., 712, 20 S. E., 623; *S. v. Griffin,* 201 N. C., 541, 160 S. E., 826. See *S. v. Edwards,* 211 N. C., 555, 191 S. E., 1; *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643.

The accepted standard for weighing the testimony of a defendant in a criminal prosecution was stated in *S. v. Lee,* 121 N. C., 544, 28 S. E., 552, as follows: "The law regards with suspicion the testimony of near relations, interested parties, and those testifying in their own behalf. It is the province of the jury to consider and decide the weight due to such testimony, and, as a general rule in deciding on the credit of witnesses on both sides, they ought to look to the deportment of the witnesses, their capacity and opportunity to testify in relation to the transaction, and the relation in which the witness stands to the party;

that such evidence must be taken with some degree of allowance and should not be given the weight of the evidence of disinterested witnesses, but the rule does not reject or necessarily impeach it; and if, from the testimony, or from it and the other facts and circumstances in the case, the jury believe that such witnesses have sworn the truth, then they are entitled to as full credit as any other witness."

Manifestly, the instruction as given was calculated to impeach and perforce did cast a shadow upon the testimony of the defendants in contravention of the statute and at variance with the decisions on the subject. *S. v. Wilcox, supra; S. v. Rhinehart, supra.*

It is suggested by the Attorney-General that, in all probability, a typographical error has crept into the transcript and that the word "disinterested" was used where the word "interested" appears. In this he is supported by a letter from the judge who presided at the trial, and upon this letter a motion for *certiorari* to correct the record has been lodged on behalf of the State. The solicitor apparently took a different view of the matter when he agreed to the statement of case on appeal with an exception pointed directly to the expression. But however this may be, the transcript is not now subject to change or correction. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. It imports verity, and we are bound by it. *S. v. Brown,* 207 N. C., 156, 176 S. E., 260. We must take it as it is. *Abernethy v. Burns,* 210 N. C., 636, 188 S. E., 97. The statute declares it the case on appeal—"it shall be . . . a part of the record." C. S., 643. "The trial judge is without authority to change the appellant's case on appeal, though regarded by him as erroneous, when that case has become the case on appeal. Under C. S., 643, if the case on appeal as served by the appellant be approved by the respondent or appellee, it becomes the case and a part of the record on appeal, and in connection with the record, may alone be considered in determining the rights of the parties interested in the appeal. . . . The appeal must be heard and determined on the agreed case appearing in the record." *Winborne, J., in S. v. Miller, ante,* 317. Again in *S. v. Palmore,* 189 N. C., 538, 127 S. E., 599, *Clarkson, J.,* speaking for the Court, said: "The solicitor must pass on 'case on appeal' for the State, *S. v. Cameron,* 121 N. C., 573, and this Court is bound by the case passed upon, *S. v. Wilson,* 121 N. C., 650. The judge cannot authorize the case on appeal to be served upon any other than the solicitor or counsel acting for him. *S. v. Stevens,* 152 N. C., 840. When appellant's case is served in time, and no exception or counter-case served, it is 'the case.' *S. v. Carlton,* 107 N. C., 956." See *S. v. Moore, supra; S. v. Ray,* 206 N. C., 736, 175 S. E., 109; *S. v. Humphrey,* 186 N. C., 533, 120 S. E., 85.

The judge is permitted to correct his own errors, but not the mistakes of others after the rights of litigants have intervened. "It is only when the judge has settled the case in the exercise of his proper jurisdiction, that upon affidavit of error therein, and a letter from the judge stating that he will correct it if given the opportunity, that this Court will give him such opportunity." *Clark, C. J.,* in *Barber v. Justice,* 138 N. C., 20, 58 S. E., 445. Again in *S. v. Chaffin,* 125 N. C., 660, 34 S. E., 516, it was said: "The case on appeal was agreed upon by the solicitor and counsel for the defendant. Such being the case, there is no ground for action by the judge; . . . nor for a *certiorari* to correct the case by the judge's notes of the evidence on file; nor to permit the judge to correct the case." To like effect are the decisions in *S. v. Thomas,* 184 N. C., 666, 114 S. E., 12; *S. v. Faulkner,* 175 N. C., 787, 95 S. E., 171; *S. v. Cameron,* 121 N. C., 572, 28 S. E., 139; *Slocumb v. Construction Co.,* 142 N. C., 349, 55 S. E., 196; *Boyer v. Teague,* 106 N. C., 571, 11 S. E., 330.

There are other matters appearing on the record, especially the calling of one of the defendants as a witness for the prosecution "otherwise" than "at his own request," C. S., 1799, but as they are not likely to arise on another hearing, further consideration is presently omitted.

For the error as indicated, a new trial must be awarded. It is so ordered.

New trial.