STATE v. J. E. ALVERSON and CHARLIE BRACK.

(Filed 4 January, 1939.)

**1. Criminal Law §§ 41d, 53e—Charge on question of consideration jury should give evidence impeaching character of witnesses held erroneous.**

While evidence elicited on cross-examination tending to impeach the character of witnesses, including defendants as witnesses in their own behalf, should be considered by the jury as a circumstance bearing upon

the credibility of their testimony, an instruction that the law is that a person of good character is more apt to testify correctly than a person of bad character is error.

**2. Criminal Law § 81c—**

An erroneous instruction as to the consideration the jury should give to evidence impeaching the character of witnesses is not cured by the fact that the charge referred as much to the testimony of the State's witnesses as to that of defendants, since there can be no "balancing of errors" between the State and the defendants.

**3. Same—**

Where evidence impeaching the character of witnesses is a material aspect of the case, an erroneous charge in respect thereto cannot be held harmless.

·APPEAL by defendants from *Sinclair, J.,* at September Term, 1938, of ROBESON. New trial.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*McKinnon, Nance & Seawell for defendants, appellants.*

SCHENCK, J. The defendants were tried upon a bill of indictment charging them (1) with breaking and entering a pressing club building occupied by C. E. Locklear wherein valuable property was kept, with the intent to steal said property, (2) with the larceny of said property, and (3) with receiving said property knowing it to have been stolen. The jury returned a verdict as to both defendants of "guilty as charged." From judgment of imprisonment in the State's Prison, the defendants appealed, assigning error.

The following excerpt from the charge of the court is made the basis of an exceptive assignment of error: "There has been some character evidence offered in the case, gentlemen. You will consider character evidence along together with all the other evidence, part and parcel of it; character evidence has as much weight or as little weight as you find it entitled to, evidence admitted to help you weigh the credibility of the witnesses upon whose character it is offered, the law being that a person of good character being more apt to testify correctly than a person of bad character. However, in the final analysis it is for you to say what the facts are, taking character evidence along with all the other evidence, and then say as men of common sense and reason and experience what you honestly believe the truth to be. That is all you are doing, is seeking the truth."

We are constrained to hold the instruction that "the law being that a person of good character being more apt to testify correctly than a per-

son of bad character" is error. While the jury should consider the character of witnesses when they come to weigh their testimony as a circumstance bearing upon its credibility, still we apprehend his Honor imposed a burden and cast a shadow upon the testimony of the defendants, who were witnesses in their own behalf and whose character had been impeached on cross-examination, which is not warranted when he used the expression "the law being that a person of good character being more apt to testify correctly than a person of bad character." The evidence tending to show the good or bad character of the witness is simply evidence to be considered with all the other evidence in passing upon the credibility of the witness whose testimony is being investigated. There is no law that a person of good character is more apt to testify correctly than a person of bad character.

It was held by us for error when the court charged the jury that "the law presumes that when a man is being tried for a crime, that he is laboring under a natural temptation to testify to whatever he thinks may clear himself of the charge." *S. v. Carden,* 207 N. C., 517; *S. v. Wilcox,* 206 N. C., 691. While, as was said in *Carden's case, supra,* the law requires the testimony of the defendant to be scrutinized in the light of his interest in the verdict we cannot agree that "the law presumes" that the defendant is under a temptation to testify to whatever he thinks will clear him of the charge, so, as in the instant case, the law requires the testimony of any witness to be weighed in the light of his character, we do not agree that the law is that a man of good character is more apt to tell the truth than a man of bad character.

The fact that his Honor's charge referred as much to the testimony of the State's witnesses as to that of the defendants as witnesses in their own behalf does not cure the error, as there can be no "balancing of errors" between the State and the defendants.

The charge assailed by the exception went to the very heart of the case. The State relied largely upon the testimony of one Marie Simms to connect the defendants with the alleged crime. No witness identified the defendants as being present at the scene of the crime, but the witness Simms testified the defendants told her that they were the perpetrators thereof. The defendants denied so telling Marie Simms and offered evidence of an alibi. Both the witness Simms and the defendants as witnesses in their own behalf were impeached by cross-examination. No character witnesses were called by either party. Hence, the instruction assailed was error harmful to all parties.

For the error assigned, there must be a

New trial.