STATE v. DAMON AUSTON.

(Filed 19 May, 1943.)

**1. Criminal Law §§ 41f, 53e—**

In a criminal prosecution, where the defendant went upon the stand in his own behalf and there was evidence offered by the State of the good character of some of its witnesses and of the bad character of defendant, a charge that such character evidence is corroborative evidence, going to the weight and credibility of the testimony of those witnesses, is not error, the natural significance being that the evidence of defendant's bad character goes to the weight and credibility of his testimony.

**2. Criminal Law § 53e—**

While an accused person who avails himself of C. S., 1799, and takes the stand in his own behalf assumes the position of a witness and subjects himself to all the disadvantages of that position, a charge to the jury to "very carefully and very cautiously scrutinize" defendant's testimony is not to be commended.

**3. Criminal Law § 50a: Trial § 31—**

No judge at any time during the trial of a cause is permitted to cast doubt upon the testimony of a witness or to impeach his credibility. The cold neutrality of an impartial judge should constantly be observed, as the slightest intimation from the bench will always have great weight with the jury. C. S., 564.

APPEAL by defendant from *Armstrong, J.,* at September Term, 1942, of GUILFORD.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Allen Coleman.

The record discloses that on Sunday, 1 March, 1936, about noon, the defendant and Allen Coleman got into a fight while shooting dice on Short Spring Street in High Point; that after several licks had passed, the defendant ran off in the direction of his home on Vale Street, came back in about fifteen minutes and opened fire on Coleman with a pistol. Several shots took effect which later proved fatal. The time and place of the shooting are established by a number of witnesses.

The defendant, on the other hand, testified that about 5:00 p.m. he was going through the path where Coleman and three or four others were shooting dice; that the deceased began to curse and told him to back up, and that "I slowed up and looked at him and he went in his bosom and commenced firing at me and I went to firing at him." The defendant's plea was one of self-defense.

There was evidence tending to show the good character of three of the State's witnesses. While the defendant testified in his own behalf, he did not put his character in issue. The State offered one witness who

testified that the defendant's general reputation was bad.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison for a period of not less than 15 nor more than 20 years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Gold, McAnally & Gold for defendant.*

STACY, C. J. We have here for determination the correctness of the charge in two particulars.

First. The court instructed the jury, "there has been some character evidence offered in this case. . . . The court instructs you that that is corroborative evidence going to the weight and credibility of the testimony of those witnesses."

The defendant complains at this instruction because in addition to the character evidence of the State's witnesses, it covers the evidence of his bad character, and denominates it "corroborative evidence," which could only mean that it was corroborative of the State's witnesses as it could not corroborate the defendant's testimony. *S. v. Colson,* 193 N. C., 236, 136 S. E., 730. This interpretation appears to be somewhat strained. Its natural significance is, that the evidence in respect of the defendant's bad character would go to the weight and credibility of his testimony. For this purpose it was competent, *S. v. Traylor,* 121 N. C., 674, 28 S. E., 493, and it is not to be supposed the jury considered it in any other light. *S. v. Cloninger,* 149 N. C., 567, 63 S. E., 154; *S. v. Atwood,* 176 N. C., 704, 97 S. E., 12. The exception is not sustained.

Second. The court further instructed the jury that the defendant had the right to testify in his own behalf or to remain off the witness stand, as he should elect or be advised, "but when he does take the witness stand and testify, it is said by reason of our law that he is an interested witness, that he is interested in the outcome of your verdict and it is your duty to look into and very carefully and very cautiously scrutinize his testimony and weigh it in the light of such interest, but it is said by reason of our law, if, after doing that, you find the defendant is telling the truth, then it is your duty to give his evidence the same weight and attach to it the same meaning and credibility as you would that of a disinterested witness."

The defendant contends that this instruction unduly disparaged his testimony and disadvantaged him before the jury. *S. v. Dee,* 214 N. C., 509, 199 S. E., 730; Anno. 85 A. L. R., 545. It must be conceded that

the use of the expression "very carefully and very cautiously scrutinize" the defendant's testimony is in advance of admonitions heretofore sustained. *S. v. Holland,* 216 N. C., 610, 6 S. E. (2d), 217. As will be seen from what is said in *S. v. McKinnon, ante,* 160, this day decided, the expression is not to be commended. And even though its use here appears innocuous, its infelicity suggests that it be eschewed.

When one charged with the commission of a crime avails himself of the statute, C. S., 1799, and testifies in his own behalf, "he assumes the position of a witness and subjects himself to all the disadvantages of that position, and his credibility is to be weighed and tested as that of any other witness." *S. v. Efler,* 85 N. C., 585; *S. v. Fogleman,* 164 N. C., 458, 79 S. E., 879; *S. v. Griffin,* 201 N. C., 541, 160 S. E., 826; *S. v. Wentz,* 176 N. C., 745, 97 S. E., 420.

No judge at any time during the trial of a cause is permitted to cast doubt upon the testimony of a witness or to impeach his credibility. C. S., 564; *S. v. Winckler,* 210 N. C., 556, 187 S. E., 792; *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388; *Morris v. Kramer,* 182 N. C., 87, 108 S. E., 381; *S. v. Rogers,* 173 N. C., 755, 91 S. E., 854; *Chance v. Ice Co.,* 166 N. C., 495, 82 S. E., 845; *Ray v. Patterson,* 165 N. C., 512, 81 S. E., 773. "The slightest intimation from a judge as to the strength of the evidence or as to the credibility of a witness will always have great weight with the jury, and, therefore, we must be careful to see that neither party is unduly prejudiced by an expression from the bench which is likely to prevent a fair and impartial trial"—*Walker, J.,* in *S. v. Ownby,* 146 N. C., 677, 61 S. E., 630.

This is not to say that all precautionary instructions in respect of interested witnesses should be withheld from the jury, but only that the cold neutrality of the impartial judge should constantly be observed. *Withers v. Lane,* 144 N. C., 184, 56 S. E., 855; *Perry v. Perry,* 144 N. C., 328, 57 S. E., 1; *Park v. Exum,* 156 N. C., 228, 72 S. E., 309. See *Dunbar v. State,* 159 Miss., 603, 132 So., 748, as published with exhaustive annotation in 85 A. L. R., 520.

As no reversible error has been made to appear, the verdict and judgment will be upheld.

No error.